Maureen SWEDLUND, Appellant,

v.

R.E. BANNER and Martha Banner, Appellees.

No. 13–97–037–CV.

Court of Appeals of Texas, Corpus Christi.

May 14, 1998.

Rehearing Overruled June 11, 1998.

**108**

John S. Warren, LeLaurin & Adams, P.C., Corpus Christi, for Appellant.

Bob J. Spann, Bob J. Spann & Associates, Corpus Christi, for Appellee.

Before DORSEY, FEDERICO G. HINOJOSA, Jr. and RODRIGUEZ, JJ.

1. R.E. also bought a note for $1,163.16 executed by John on May 25, 1982.

2. The outstanding debt from Note 1 and John's $1,163.16 note were combined.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

This is an appeal from a summary judgment granted to appellees R.E. Banner and Martha Banner (the "Banners") for monies due on a note executed by their son, John, and his then-wife, appellant Maureen Swedlund. By a single point of error, appellant contends the trial court erred in granting the Banners' motion for summary judgment. We affirm.

On March 4, 1981, John and Maureen borrowed $30,000 from American National Bank to complete the construction of their residence ("Note 1"). Note 1, secured by a deed of trust lien on the residence, was due on or before March 4, 1981. Because they were unable to pay Note 1 by its due date, John and Maureen executed a renewal and extension of Note 1 and the lien until March 26, 1983. When the note came due in 1983, and John and Maureen again could not make the payment, American National Bank threatened to foreclose on the property.

To prevent foreclosure, R.E. agreed to help John and Maureen, and on April 8, 1983, he bought the note [1] from the bank. American National Bank transferred and assigned the note to R.E., along with the lien and any superior title held by the bank. That same day, John and Maureen executed a promissory note ("Note 2") in the amount of $26,-343.51,[2] payable in forty-eight monthly installments to R.E. Note 2 does not refer to the lien.

On October 4, 1988, when John and Maureen failed to satisfy the terms of Note 2, R.E. presented them with a renewal note in the amount of $20,600, which represented the balance owed on the note. R.E. also presented John and Maureen with a promissory note in the amount of $4,750, representing funds allegedly advanced to the community during the marriage. John signed the notes; Maureen did not.[3]

3. John and Maureen divorced on June 6, 1988. Maureen was awarded the residence as her separate property.

On October 23, 1990, the Banners filed suit against John and Maureen seeking a declaratory judgment "establishing the balance due on such Note, the obligors, the existence of a Vendor's Lien and Purchase Money Lien on such Property, [and] reasonable attorney's fees...." Maureen moved for summary judgment. In the motion, Maureen asked the trial court to declare that no lien securing any claimed indebtedness existed in favor of the Banners. She also contended that, in the absence of a written agreement extending the lien, the Banner's claims were barred by limitations.

The Banners filed a response to Maureen's motion for summary judgment. They also filed their own motion for summary judgment. In their motion, the Banners claimed that the documents, which were part of the April 8, 1983 transaction, evidenced the parties' intent that the security interest held by American National Bank was transferred to the Banners as their security for Note 2. The Banners contended that their claims were not time-barred because section 16.035(e) of the civil practice and remedies code provides that if a note, payable in installments, is secured by a lien on real property, limitations do not begin to run until the date of the last installment. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.035(e) (Vernon 1986). Maureen did not respond to the Banners' motion for summary judgment.

The trial court denied Maureen's motion and granted the Banners' motion. Summary judgment was rendered against John and Maureen, jointly and severally, for principal and accrued interest, attorney's fees, and postjudgment interest. Maureen's motion for new trial was denied, and this appeal followed.

■ By her sole point of error, Maureen contends the trial court erred in granting the Banners' motion for summary judgment because the summary judgment evidence presented genuine issues of material fact concerning her affirmative defenses of novation[4] and limitations. Maureen does not complain of the trial court's denial of her motion for summary judgment.

The Banners contend that Maureen's failure to respond to their motion for summary judgment precludes her from raising the affirmative defenses on appeal. We agree.

■ Each party must carry its own burden as the movant and, *in response to the other party's motion, as the non-movant. The Cadle Co. v. Butler*, 951 S.W.2d 901, 905 (Tex.App.—Corpus Christi 1997, no writ); *James v. Hitchcock Indep. Sch. Dist.*, 742 S.W.2d 701, 703 (Tex.App.—Houston [1st Dist.] 1987, writ denied). When a party does not respond to a motion for summary judgment, he may only complain that the grounds for the summary judgment are insufficient as a matter of law. *First Gibraltar Bank, FSB v. Farley*, 895 S.W.2d 425, 427–28 (Tex. App.—San Antonio 1995, writ denied) (applying rule to party's failure to respond to cross-motion); *Pine v. Salzer*, 824 S.W.2d 779, 780 (Tex.App.—Houston [1st Dist.] 1992, no writ); *see also, McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex. 1993); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). We will, therefore, consider only whether the grounds for the Banner's motion for summary judgment are legally sufficient to support the trial court's judgment.

■ The trial court may not grant a summary judgment by default for lack of an answer or response to the motion by the non-

---

4. Novation was not raised by Maureen's motion for summary judgment. Instead, the argument and authorities cited discuss the need for a written extension agreement pursuant to TEX. CIV. PRAC. & REM.CODE. § 16.036 (Vernon 1986). However, even oral extensions of a debt's maturity are valid and enforceable between the parties to the agreement. *The Cadle Co. v. Butler*, 951 S.W.2d 901, 910 (Tex.App.—Corpus Christi 1997, no writ); *C. & G. Coin Meter Supply Corp. v. First Nat'l Bank in Conroe*, 413 S.W.2d 151, 154 (Tex. App.—Eastland 1967, writ ref'd n.r.e.); *Mizell*

*Constr. Co. & Truck Line, Inc. v. Mack Trucks, Inc.*, 345 S.W.2d 835, 837–38 (Tex.Civ.App.— Houston 1961, no writ); *see also McNeill v. Simpson*, 39 S.W.2d 835, 836 (Tex. Comm'n App. 1931, holding approved); *Maceo v. Doig*, 558 S.W.2d 117, 119 (Tex.Civ.App.—Austin 1977, writ ref'd n.r.e.). Such agreements are enforceable between the parties despite their failure to comply with statutory provisions. *Yates v. Darby*, 133 Tex. 593, 131 S.W.2d 95, 101 (1939, opinion adopted); *Butler*, 951 S.W.2d at 910.

movant when the movant's summary judgment proof is legally insufficient. *Clear Creek Basin Auth.*, 589 S.W.2d at 678. The plaintiff, as movant, must conclusively prove his entitlement to prevail on each element of his cause of action as a matter of law. *Id.; Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex. 1972); *Butler*, 951 S.W.2d at 905. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant must be taken as true. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 549 (Tex.1985). Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in his favor. *Id.*

■■■ When the trial court has before it competing motions for summary judgment, the court may consider all of the summary judgment evidence in deciding whether to grant either motion. *Melvin Green, Inc. v. Questor Drilling Corp.*, 946 S.W.2d 907, 909 (Tex.App.—Amarillo 1997, no writ) (citing *Dallas County Appraisal Dist. v. Institute for Aerobics Research*, 766 S.W.2d 318, 319 (Tex.App.—Dallas 1989, writ denied). In determining the correctness of the trial court's judgment, an appellate court must review and consider all of the evidence before the trial court when it made its ruling. *Commissioners Court of Titus County v. Agan*, 940 S.W.2d 77, 81 (Tex.1997).

To support their claim that Note 2 was secured by a lien on real property, the Banners incorporated into their motion by reference their original petition, the answer of John S. Banner,[5] the First Supplemental Petition of R.E. Banner and Martha Banner,[6] Maureen's motion for summary judgment, and the exhibits attached to these documents. In addition, the Banners attached the following to their motion:

(a) The promissory note of April 8, 1983, from John and Maureen payable to R.E. in the amount of $26,343.51 in forty-eight installments;

(b) The renewal promissory note of March 26, 1982, from John and Maureen payable to American National Bank in the amount of $28,705.09, which extended payments on original note to March 26, 1983;

(c) The American National Bank's endorsement on the March 26, 1982 renewal and extension note transferring and assigning the note to R.E.;

(d) A document, dated March 26, 1982, renewing and extending the real property lien given as security on the original note;

(e) The transfer of lien from American National Bank, conveying to R.E. the original note together with all liens and superior title securing payment on the note;

(f) The original deed of trust and its accompanying purposes, covenants, agreements, and conditions;

(g) The affidavit of R.E. Banner; and

(h) The affidavit of Don Hicks, the executive vice president of American National Bank who handled the April 8, 1983 transaction.

After reviewing all of the summary judgment evidence, we conclude the trial court properly found that Note 2 was secured by a real property lien.

The original deed of trust provides that certain · real property located in Nueces County, Texas is the security for Note 1, which was due on March 4, 1982. As reflected by the evidence, the note and deed of trust lien, together with all its accompanying covenants, were renewed and extended on March 26, 1982. The second covenant contained in the deed of trust lien provides:

All or any of the notes or other indebtedness hereby secured may be from time to time renewed or extended by the holder or holders thereof, and in any such case all the provisions of this deed of trust and the lien hereof, shall remain in full force and with the same effect as if said note or

---

5. Not included in the record before this Court.

6. This petition raises the issues of mutual mistake and fraudulent inducement. The Banners' motion for summary judgment does not address these claims. However, they would only become relevant in the event the trial court determined that Note 2 was not secured by a real property lien.

notes or other indebtedness had originally been made to mature at such extended time or times.

On April 8, 1983, R.E. purchased and received the renewed Note 1 and lien as well as all rights provided by those documents, including the second covenant. That same day, John and Maureen executed Note 2 for $26,343.51 payable to R.E.

Note 2 substituted R.E. as the creditor in place of the bank and, by its terms, extended the repayment period for four years. In the affidavit attached to her motion for summary judgment, Maureen admits that the note was for the total amount due on Note 1.

■ Maureen contends, however, that the parties to Note 2 did not agree to extend the deed of trust lien. This contention is disputed by the affidavits of R.E. and Don Hicks, who both state that the parties intended that the deed of trust lien would secure Note 2. Nevertheless, by the terms of the covenant set forth above, such an agreement was not necessary. The parties had already agreed by covenant that extending the underlying debt automatically extended the lien. Because Note 2 extended the debt for four years from April 8, 1983, the lien was also extended. To raise a fact issue regarding the effect of the covenant, there must be some question of an express agreement, either oral or written, *not* to extend the lien. The evidence before us does not raise such a question.

■ Maureen's affidavit further asserts that R.E. was given a lien on a 1980 Honda automobile to secure repayment of Note 2. The fact that an additional lien secures the repayment of Note 2 does not negate the effect of the original lien on the real property.

■ Because Note 2 was secured by a lien on real property, the four-year limitations period began to run, as asserted in the Banners' motion for summary judgment, on the date the last installment payment was due or April 8, 1987. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.035(e). Any action on the note would have been barred as of April 8, 1991. Because the Banners filed suit on October 23, 1990, their claims were not barred by limitations.

We hold the grounds for the Banners' motion for summary judgment are legally sufficient to support the trial court's judgment. Maureen's sole point of error is overruled.

We affirm the trial court's order granting the Banners' motion for summary judgment.