Jacqueline E. MEDLOCK, Appellant,

v.

COMMISSION FOR LAWYER
DISCIPLINE, Appellee

No. 06–99–00128–CV.

Court of Appeals of Texas,
Texarkana.

Submitted June 20, 2000.

Decided June 21, 2000.

Jacqueline E. Medlock, Medlock Law Firm, Houston, pro se.

Linda A. Acevedo, Asst. Disciplinary Counsel, Austin, Jennifer A. Hasley, Office of Gen. Counsel, Stephen D. Statham, Asst. Gen. Counsel, Houston, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Chief Justice CORNELIUS.

Jacqueline E. Medlock, an attorney, appeals from the judgment of the trial court finding that she had engaged in professional misconduct, violating Rules 7.07(a) and 8.04(a)(9) of the Texas Disciplinary Rules of Professional Conduct. The court ordered that she be suspended from the practice of law for twelve months: six months' active suspension and the following six months probated. The court also ordered that Medlock pay the State Bar of Texas the sum of $3,000.00 as attorneys'

fees incurred in the prosecution of the case.

Medlock contends on appeal: (1) that the trial court should have granted her no evidence motion for summary judgment; (2) that the trial court should not have granted the Commission's motion for summary judgment; and (3) that the trial court should not have denied her motion for reconsideration based on a new development in the form of post-trial sworn testimony from a material witness. We overrule these contentions and affirm the judgment.

The Commission for Lawyer Discipline of the State Bar initiated this litigation by filing a disciplinary petition in the District Court of Harris County, the county in which Medlock had her law practice.[1] In its second amended disciplinary petition, the Commission alleged that Medlock sent a letter to a family who had recently been in a traffic accident involving injuries, attempting to solicit business for her law firm. The father of the family was the complainant in the grievance filed against Medlock, and the letter was specifically addressed to the complainant's four-year-old son. The petition alleged that Medlock's conduct violated Rule 7.07(a) of the Disciplinary Rules because she did not submit the solicitation letter to the Lawyer Advertisement and Solicitation Review Committee of the State Bar before or at the time she mailed it. The Commission also alleged that Medlock's conduct violated Rule 8.04(a)(9) of the Disciplinary Rules, which prohibits a lawyer from engaging in conduct that constitutes barratry as defined by Texas law.

The Commission moved for summary judgment. Medlock filed no response to the motion. Medlock did file a no evidence

---

1. This action was commenced by the filing of a disciplinary petition by the Commission in Harris County District Court on a finding of just cause that Medlock had committed professional misconduct. TEX.R. DISCIPLINARY P. 2.13, 2.14, 3.01–3.16, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A–1 (Vernon 1998). Appeal to this Court is authorized under Rule 3.16: "A final judgment of the district court and any order revoking or refusing to revoke probation of a suspension from the practice of law may be appealed as in civil cases generally."

motion for summary judgment under Tex.R. Civ. P. 166a(i), to which the Commission responded. After a hearing, the trial court granted the Commission's motion for summary judgment and denied Medlock's no evidence motion. Medlock filed a motion to reconsider, supported by her own affidavit, in which she stated that she was not aware that the letter alleged to have been received by the complainant's son had been sent from her office and denied knowledge of the circumstances under which the letter was sent. Medlock also attached to the motion the affidavit of James C.K. Adams Okolo, in which he stated that he was responsible for sending the letter in question. The trial court denied Medlock's motion to reconsider.

■ Medlock first contends that the trial court erroneously denied her no-evidence motion for summary judgment. The denial of a motion for summary judgment is appealable only where both parties file motions for summary judgment and the court grants one of the motions and denies the other. *See Novak v. Stevens*, 596 S.W.2d 848 (Tex.1980). The trial court did that here, so Medlock may appeal both the denial of her motion and the granting of the Commission's motion. Rule 166a(i) provides for a no-evidence motion for summary judgment:

> After adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. .... The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact.

■ The standard for sustaining a no evidence summary judgment motion is the same as the standard used when reviewing directed verdicts. *Lampasas v. Spring Center, Inc.*, 988 S.W.2d 428, 432 (Tex. App.-Houston [14th Dist.] 1999, no pet.); *Isbell v. Ryan*, 983 S.W.2d 335, 338 (Tex.

App.-Houston [14th Dist.] 1998, no pet.). A directed verdict is the action of a trial court in a jury trial to withdraw the case from the jury and decide the issues as a matter of law because the party with the burden of proof has failed to make a prima facie case for jury consideration. *See Davis v. Mathis*, 846 S.W.2d 84 (Tex.App.-Dallas 1992, no writ). A no evidence contention will be sustained where (1) there is a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a scintilla, or (4) the evidence conclusively established the opposite of a vital fact. *Merrell Dow Pharmaceuticals, Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex.1997). A no evidence summary judgment should not be granted if the respondent counters with more than a scintilla of probative evidence raising a genuine issue of material fact. *Lampasas v. Spring Center, Inc.*, 988 S.W.2d at 432.

In her no evidence summary judgment motion, Medlock contends there is no evidence that she violated Rules 7.07(a) and 8.04(a)(9) of the Texas Disciplinary Rules of Professional Conduct.

Rule 7.07(a) states:

(a) Except as provided in paragraph (d) of this Rule, a lawyer shall file with the Lawyer Advertisement and Solicitation Review Committee of the State Bar of Texas, either before or concurrently with the mailing or sending of a written solicitation communication:

(1) a copy of the written solicitation communication being sent or to be sent to one or more prospective clients for the purpose of obtaining professional employment, together with a representative sample of the envelopes in which the communications are enclosed; and

(2) a check or money order payable to the State Bar of Texas for the fee set by the Board of Directors. Such

fee shall be for the sole purpose of defraying the expense of enforcing the rules related to such solicitation.

TEX. DISCIPLINARY R. PROF'L CONDUCT 7.07(a), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 1998) (TEX. STATE BAR R. art. X, § 9). Rule 8.04(a)(9) states:

(a) A lawyer shall not:

. . .

(9) engage in conduct that constitutes barratry as defined by the law of this state . . . .

TEX. DISCIPLINARY R. PROF'L CONDUCT 8.04(a)(9), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 1998) (TEX. STATE BAR R. art. X, § 9).

Section 38.12 of the Texas Penal Code provides, in part, as follows:

(d) A person commits an offense if the person:

(1) is an attorney, chiropractor, physician, surgeon, or private investigator licensed to practice in this state or any person licensed, certified, or registered by a health care regulatory agency of this state;

(2) with the intent to obtain professional employment for himself or for another, sends or knowingly permits to be sent to an individual who has not sought the person's employment, legal representation, advice, or care a written communication that:

(A) concerns an action for personal injury or wrongful death or otherwise relates to an accident or disaster involving the person to whom the communication is addressed or a relative of that person and that was mailed before the 31st day after the date on which the accident or disaster occurred . . . .

TEX. PEN.CODE ANN. § 38.12 (Vernon Supp. 2000).

In response to Medlock's no evidence summary judgment motion, the Commission submitted the following summary judgment evidence:

(1) a grievance form, shown as having been filled out and signed July 11, 1997, from William R. Bates, which states that on June 8, 1997, he was the driver of an automobile involved in an accident. His two minor children, Jonathan Bates, age four, and William R. Bates, III, age eight, were passengers in the vehicle. Two days later, Jonathan Bates received a letter addressed to him, soliciting legal services;

(2) the letter received by Jonathan Bates was on a letterhead of the Medlock Law Firm in Houston, and shows to have been signed "J. E. Medlock, Attorney & Counselor at Law";

(3) the affidavit of Bates testifying to his and his four- and eight-year-old sons' involvement in an automobile accident with injuries, and the receipt of the solicitation of business letter from Jacqueline E. Medlock's law firm; and

(4) a letter from Ray E. Cantu, Director, Advertising Review Department, State Bar of Texas, dated March 11, 1999, addressed to the office of the General Counsel of the State Bar, stating that a review of the records of the advertising review department indicates that attorney J.E. Medlock had not filed the attached solicitation letter with the State Bar of Texas, as required by Rule 7.07(a).

We conclude that the trial court properly denied Medlock's no evidence motion for summary judgment. The letter which the affidavit states was received by Jonathan Bates shows it is from Medlock's law office, purports to be signed by Medlock, and on its face plainly solicits Jonathan Bates' legal business. The affidavit of Bates, and the envelope and letter all state that the letter is an "advertisement." Further, according to Bates' affidavit, the accident in which he and his children sustained injuries occurred June 8, 1997, and the letter from Medlock was received June 10, 1997. The postmark on the envelope containing the letter is June 9, 1997. There is thus more than a scintilla of

evidence to support the charges alleged against Medlock.

Medlock next contends the trial court erred in granting the Commission's motion for summary judgment. She argues that the summary judgment evidence was insufficient, as a matter of law, to demonstrate her violation of Disciplinary Rules 7.07(a) and 8.04(a)(9).

■ A party moving for a traditional summary judgment must show, by competent summary judgment evidence, that there is no issue of material fact and that it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985); *Williams v. Brown & Root, Inc.*, 947 S.W.2d 673, 675 (Tex.App.-Texarkana 1997, no writ). A plaintiff moving for a standard summary judgment must conclusively prove each essential element of his cause of action. *Swedlund v. Banner*, 970 S.W.2d 107, 110 (Tex.App.-Corpus Christi 1998, pet. denied).

The Commission filed the same evidence in support of its own motion for summary judgment as it filed in response to Medlock's no-evidence motion for summary judgment. Medlock filed no response to the Commission's motion. Nor did she object to the form or substance of the Commission's supporting summary judgment evidence. Medlock did argue, at the hearing on the summary judgment motions, that even though her name and the name of her law firm appeared on both the letter and the envelope sent to Jonathan Bates, she was not responsible for sending them. She argued that the Commission's evidence did not conclusively prove her responsibility for the alleged violations of the disciplinary rules.

■ The trial court may not grant a summary judgment motion by default for lack of an answer or response by the nonmovant when the summary judgment proof is legally insufficient. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979); *Swedlund v. Banner*, 970 S.W.2d 107 at 109–10. The nonmovant is not required to file a response to defeat a motion for summary judgment if deficiencies in the movant's own proof or legal theories defeat its right to judgment as a matter of law. However, if the respondent fails to file a response, the only ground for reversal she may raise on appeal is the legal insufficiency of the movant's summary judgment motion or proof. *Pierson v. SMS Financial II, L.L.C.*, 959 S.W.2d 343, 348 (Tex.App.-Texarkana 1998, no pet.).

■ When deciding whether there is a material fact issue, evidence favorable to the nonmovant is taken as true, and every reasonable inference is indulged in favor of the nonmovant and any doubt is resolved in the nonmovant's favor. *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 800 (Tex.1994); *Nixon v. Mr. Property Management Co.*, 690 S.W.2d at 548–49. But courts must take *uncontroverted* summary judgment evidence as *absolutely true. Williams v. Brown & Root, Inc.*, 947 S.W.2d at 678; *Simmons v. Flores*, 838 S.W.2d 287, 289 (Tex.App.-Texarkana 1992, writ denied).

■ Medlock did not controvert any of the summary judgment evidence supporting the Commission's motion for summary judgment. Therefore, all of such evidence is taken as true and the Commission was entitled to summary judgment. The Commission's motion was not inadequate or deficient so that Medlock could defeat it without controverting its supporting summary judgment evidence. Medlock's assertions and argument to the contrary at the hearing avail her nothing. Under Rule 166a(c), no oral testimony may be received at the hearing on the motion for summary judgment.

Medlock also contends that the trial court erred in refusing to grant her motion for reconsideration, filed eight days after the trial court's judgment was rendered. Medlock argues that she told the members

of the investigatory panel that she did not send the offending letter, and supported that argument with two *post-judgment* affidavits, sworn to by herself and James C.K. Adams Okolo.

The Okolo affidavit states that he sent the letter addressed to Jonathan Bates "without the knowledge and consent of Ms. Jacqueline E. Medlock." The affidavit further states that Okolo was under criminal indictment in Harris County because of his activities in obtaining the names of persons involved in motor vehicle accidents, and that there was nothing in the evidence shown at that trial that Jacqueline Medlock had any knowledge of the Bates letter or the circumstances surrounding the sending of that letter.

■■■ Medlock's affidavit denies that she knew the letter was sent to the Bates family. However, she did not file the affidavit in response to the Commission's motion for summary judgment. The summary judgment rule permits the trial court to consider only written summary judgment evidence properly filed with the court *prior to* submission of the motion. Only such matters may be considered on the appeal of a summary judgment. *Salmon v. Miller*, 958 S.W.2d 424, 427 (Tex.App.-Texarkana 1997, pet. denied). No fact issue was raised at the summary judgment hearing, and raising a fact issue by way of a motion for new trial is not permitted.

■■■ Medlock argues in her brief that her motion for reconsideration was, in essence, "similar" to a motion for new trial. The motion contains argument based on matters raised prior to judgment, and also seeks a reconsideration based on allegedly newly discovered evidence. Whether the motion can be considered as a motion for new trial is determined by its substance. *Gilbert v. Lobley*, 214 S.W.2d 646, 648 (Tex.Civ.App.-Fort Worth 1948, no writ). Based on its substance, we find

that Medlock's motion may be considered as a motion for new trial.

■■■ A party seeking a new trial in a civil case on grounds of newly discovered evidence must satisfy the court: (1) that the evidence came to the party's knowledge after the trial; (2) that the failure to produce the evidence at trial was not the result of a lack of due diligence; (3) that the evidence is not cumulative; and (4) that the evidence is so material that it would probably produce a different result if a new trial were ordered. *Chambers v. Lee*, 566 S.W.2d 69, 72 (Tex.App.-Texarkana 1978, no writ). The determination of these facts is within the sound discretion of the trial court, whose actions will not be disturbed on appeal absent a showing of an abuse of such discretion. *Jackson v. Van-Winkle*, 660 S.W.2d 807, 809 (Tex.1983); *Wheeler v. Wheeler*, 713 S.W.2d 148, 150 (Tex.App.-Texarkana 1986, writ dism'd). A case presenting a similar issue on appeal is *Black v. Wills*, 758 S.W.2d 809 (Tex. App.-Dallas 1988, no writ). In that legal malpractice case, the plaintiff, who lost by summary judgment on a statute of limitations defense, sought by a motion for new trial to raise facts pertinent to the discovery rule, alleging such facts to be newly discovered evidence. Acknowledging that such a determination is addressed to the sound discretion of the trial court, the Dallas Court of Appeals held that where a motion for new trial is filed after summary judgment has been granted, the district court may only consider the record as it existed *prior to* granting the summary judgment. *Id.* at 818.[2]

By failing to file a written response to the Commission's motion, Medlock raised *no* issue of fact to defeat summary judgment. Medlock has shown no reason why the facts relating to her denial of responsibility for the letter in controversy could not have been raised in response to the Commission's motion. Just as in *Black v. Wills*, Medlock seeks to raise, after sum-

---

**2.** The opinion cited part of Rule 166a(c), issues not expressly presented to the trial court by written motion may not be considered on appeal.

mary judgment, factual issues that should have been raised by responsive summary judgment evidence prior to the summary judgment hearing. We also note that neither affidavit contains, as is required in newly discovered evidence cases, a statement that with the exercise of due diligence, such evidence could not have been discovered before the hearing.

For the reasons stated, we affirm the judgment.