NUMBER 13-07-00326-CV



COURT OF APPEALS
 


THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


LOT 6, NW 17' OF 5, BLOCK 5,

PORT LAVACA ORIGINAL TOWNSITE,

(401 S. COMMERCE), Appellant,


v.
 


THE STATE OF TEXAS, Appellee.

 




On appeal from the 24th District Court of Calhoun County, Texas.


 




MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Vela


Memorandum Opinion by Justice Garza


 

 This appeal arises from a civil forfeiture proceeding involving the seizure of a house
owned by appellant, David Sterling. Sterling appeals the trial court's granting of the State's
supplemental motion for summary judgment and argues that: (1) the trial court erred in
granting the motion because there is insufficient evidence to support forfeiture; and (2) the
forfeiture of his house constitutes a second punishment in violation of the Excessive Fines
Clause of the Eighth Amendment to the United States Constitution. See U.S. Const.
amend. VIII. We affirm.

I. Background


 The State filed a notice of seizure and intended forfeiture of Sterling's house located
at 401 South Commerce Street in Port Lavaca, Texas. In its forfeiture notice, the State
alleged that Sterling's house was contraband because Sterling had been indicted with
several felony counts of unlawful delivery of a controlled substance. See Tex. Health &
Safety Code Ann. § 481.112(b), (c) (Vernon 2003). Sterling answered with a general
denial. The State then filed a traditional motion for summary judgment, asserting that the
house was contraband because Sterling possessed controlled substances in the house
that were intended for future distribution. The trial court granted the State's motion for
summary judgment.

 On appeal, we reversed the trial court's judgment and remanded for further
proceedings. Sterling v. State, 200 S.W.3d 842, 844 (Tex. App.-Corpus Christi 2006, no
pet.) ("Sterling I"). In Sterling I, we noted that:


 In this case, the evidence of "use" is so meager that we cannot conceive of
a possession case occurring in a domestic setting that would not involve the
same "use" shown here. Under the State's interpretation of the law, any
possession of drugs at home is "use" of the home under the statute and
subjects the home to seizure and forfeiture as contraband. This rule of law
would be inordinately and indiscriminately broad and would effectively
abrogate the statute's clear requirements that property be "used" or
"intended to be used" in the commission of one of the enumerated felonies.


Id.

 On remand, the State filed a supplemental motion for summary judgment, once
again contending that the house was contraband because Sterling possessed controlled
substances in the house and intended to deliver them. Sterling did not file a response to
the State's supplemental motion for summary judgment. (1) The trial court again granted
State's motion for summary judgment, allowing the State to seize Sterling's house. Sterling
filed a motion for new trial, arguing that this Court had already resolved this issue. After
a hearing, the trial court denied Sterling's motion. This appeal followed.

II. Standard of Review


A. Traditional Motion for Summary Judgment


 The propriety of a summary judgment is a question of law; therefore, an appellate
court reviews de novo the trial court's granting of summary judgment. Natividad v. Alexsis,
Inc., 875 S.W.2d 695, 699 (Tex. 1994). To be entitled to a traditional summary judgment,
the movant needs to establish its entitlement to summary judgment on the issues expressly
presented to the trial court by conclusively establishing all essential elements of its cause
of action or defense as a matter of law. Tex. R. Civ. P. 166a(c); Sw. Elec. Power Co. v.
Grant, 73 S.W.3d 211, 215 (Tex. 2002); Johnson County Sheriff's Posse, Inc. v. Endsley,
926 S.W.2d 284, 285 (Tex. 1996).

 The non-movant is not required to file a response to defeat a motion for summary
judgment if deficiencies in the movant's own proof or legal theories defeat its right to
judgment as a matter of law. Medlock v. Comm'n for Lawyer Discipline, 24 S.W.3d 865,
870 (Tex. App.-Texarkana 2000, no pet.). However, if the respondent fails to file a
response, the only ground for reversal he or she may raise on appeal is the legal
insufficiency of the movant's summary judgment motion or proof. Medlock, 24 S.W.3d at
870; Pierson v. SMS Fin. II, L.L.C., 959 S.W.2d 343, 348 (Tex. App.-Texarkana 1998, no
pet.).

 It is well settled that a trial court may not grant a summary judgment by default; that
is, the court may not grant a summary judgment because the non-movant failed to respond
to the motion when the movant's summary judgment proof is legally insufficient. City of
Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979); Swedlund v.
Banner, 970 S.W.2d 107, 109-10 (Tex. App.-Corpus Christi 1998, pet. denied). The
movant must still establish his or her entitlement to summary judgment by conclusively
proving all essential elements of his or her cause of action or defense as a matter of law. 
Clear Creek Basin Auth., 589 S.W.2d at 678. 

B. Legal Sufficiency

 In reviewing the legal sufficiency of evidence, we credit evidence supporting the
judgment if reasonable jurors could, and disregard contrary evidence unless reasonable
jurors could not. City of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005); Villagomez v.
Rockwood Specialties, Inc., 210 S.W.3d 720, 748 (Tex. App.-Corpus Christi 2006, pet.
denied). We will sustain a legal sufficiency challenge only if: (1) there is a complete
absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence
from giving weight to the only evidence offered to prove a vital fact; (3) the evidence
offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes
conclusively the opposite of a vital fact. City of Keller, 168 S.W.3d at 810. More than a
scintilla of evidence exists, and the evidence is legally sufficient, if the evidence furnishes
some reasonable basis for differing conclusions by reasonable minds about a vital fact's
existence. Lee Lewis Constr. Co. v. Harrison, 70 S.W.3d 778, 782-83 (Tex. 2001).
However, "when the evidence offered to prove a vital fact is so weak as to do no more than
create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla
and, in legal effect, is no evidence." Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 601
(Tex. 2004) (citing Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983)).

III. Analysis


A. Sterling's House As Contraband


 By his first two issues, Sterling contends that there is insufficient evidence, or
alternatively no evidence, establishing that he used his house or intended to use his house
to effectuate the unlawful delivery of controlled substances. (2)
 Conversely, the State argues
that Sterling's house is subject to forfeiture because the evidence, including Sterling's guilty
pleas and judicial confessions, establishes that the house was contraband and, therefore,
subject to forfeiture.

 1. Applicable Law

 "Property that is contraband is subject to seizure and forfeiture . . . ." Tex. Code
Crim. Proc. Ann. art. 59.02(a) (Vernon 2006). Forfeiture is an in rem civil proceeding. 
State v. Silver Chevrolet Pickup, 140 S.W.3d 691, 692 (Tex. 2004); $191,452.00 v. State,
827 S.W.2d 430, 433 (Tex. App.-Corpus Christi 1992, writ denied). In a forfeiture
proceeding, the State must prove by a preponderance of the evidence that the property
seized is contraband and, therefore, that the property is subject to forfeiture. See Tex.
Code Crim. Proc. Ann. art. 59.02(a); see also 1.70 Acres v. State, 935 S.W.2d 480, 486
(Tex. App.-Beaumont 1996, no writ); $162,950.00 in Currency of U.S. v. State, 911
S.W.2d 528, 529 (Tex. App.-Eastland 1995, writ denied). "Contraband" is defined as
property of any nature, including real, personal, tangible, or intangible property that is used
or intended to be used in the commission of any felony under the Texas Controlled
Substances Act. See Tex. Code Crim. Proc. Ann. art. 59.01(2)(B)(i) (Vernon Supp. 2008).

 In a forfeiture proceeding, the State is required to show probable cause for seizing
the property. $56,700 in U.S. Currency v. State, 730 S.W.2d 659, 661 (Tex. 1987);
$9,050.00 in U.S. Currency v. State, 874 S.W.2d 158, 161 (Tex. App.-Houston [14th Dist.]
1994, writ denied). This means that the State must establish a substantial connection or
nexus between the seized property and the defined criminal activity. 1.70 Acres, 935
S.W.2d at 486 (citing $56,700 in U.S. Currency, 730 S.W.2d at 661; $9,050 in U.S.
Currency, 874 S.W.2d at 161). Therefore, in proving its case by a preponderance of the
evidence, the State must prove that it was more reasonably probable than not that the
seized property was either intended for use in, or derived from, a violation of one of the
offenses enumerated in the forfeiture statute. Id.; Spurs v. State, 850 S.W.2d 611, 614
(Tex. App.-Tyler 1993, writ denied) (noting that the State can rely on circumstantial
evidence in satisfying its burden of proof in a forfeiture case). 

 We also note that we employ rules of strict construction against forfeiture when the
forfeiture is to the sovereign and is created by statute. 1976 Harley Davidson Motorcycle
v. State, 106 S.W.3d 398, 402 (Tex. App.-Corpus Christi 2003, no pet.); State v. Lot 10,
Pine Haven Estates, 900 S.W.2d 400, 402 (Tex. App.-Texarkana 1995, no writ).

 2. Discussion 

 The State attached the following items to its supplemental motion for summary
judgment: (1) an affidavit executed by an assistant district attorney; (2) two probable cause
affidavits, one executed by Derek Walton, a peace officer with the Port Lavaca Police
Department, and another executed by Johnny Amador, an investigator with the Calhoun
County Sheriff's Office; (3) a search warrant executed by a justice of the peace; (4) two
indictments against Sterling; and (5) two guilty pleas entered by Sterling for unlawful
delivery of controlled substances. In particular, the probable cause affidavit executed by
Walton stated that: (1) Sterling lived at 401 South Commerce Street in Port Lavaca,
Texas; (2) powder cocaine was being sold at the house; and (3) Sterling and his brother
had been previously arrested twenty-two times with eight of the arrests being for dangerous
drugs. Based on this affidavit, the trial court authorized a search warrant of Sterling's
house. 

 While searching Sterling's house, police found cocaine and heroin on the premises,
which resulted in Sterling being indicted by a Calhoun County grand jury with one count of
delivery of a controlled substance, cocaine, of more than one gram but less than four
grams ("Count 1"), see Tex. Health & Safety Code Ann. § 481.112(c), and one count of
delivery of a controlled substance, heroin, in the amount of less than one gram ("Count 2"). 
See id. § 481.112(b). The first indictment stated that the events transpired on or about
May 27, 2004. 

 On June 29, 2004, Amador filed a second probable cause affidavit detailing a
subsequent drug transaction occurring at Sterling's house. In his affidavit, Amador noted
the following:

 [The confidential informant] has been at David Sterling's residence within the
past 72 hours and has witnessed the cocaine and heroin in this residence at
401 S. Commerce and witnessed David Bauer Sterling who did then and
there knowingly posses[s] a controlled substance, to wit: Cocaine and
Heroin.

 

 [The confidential informant] stated David Bauer Sterling is possessing and
trafficking Cocaine and Heroin from this residence in Port Lavaca[,] Calhoun
County, Texas.[ (3)]


A second indictment was then issued for the offense of delivery of a controlled substance,
heroin, of more than one gram but less than four grams occurring on June 29, 2004
("Count 3"). See id. § 481.112(c).

 Pursuant to two plea agreements with the State, Sterling pleaded guilty to Count 2
and Count 3, admitting that he had intended to deliver a controlled substance, namely
heroin, on two separate occasions. The trial court accepted the terms of the plea
agreements, and Sterling was subsequently sentenced. Because the State has provided
evidence demonstrating that Sterling stored and sold controlled substances in his house,
and because Sterling judicially confessed to engaging in such activities, we conclude that
the State's evidence is legally sufficient to establish that Sterling used or intended to use
his house to aid in the unlawful delivery of controlled substances, thus supporting a finding
that the house was contraband subject to forfeiture. See Tex. Code Crim. Proc. Ann. art.
59.02(a); see also City of Keller, 168 S.W.3d at 810; Lot 39, Section C, N. Hills Subdivision
v. State, 85 S.W.3d 429, 432 (Tex. App.-Eastland 2002, pet. denied) (holding that
homesteads are not exempt from the forfeiture statutes); 1.70 Acres, 935 S.W.2d at 486;
Spurs, 850 S.W.2d at 614; Ex parte Camara, 893 S.W.2d 553, 559 (Tex. App.-Corpus
Christi 1994, writ denied) (affirming the trial court's characterization of a mobile home as
contraband and, therefore, subjecting it to forfeiture). We further conclude that the State
has established its entitlement to summary judgment as a matter of law. See Tex. R. Civ.
P. 166a(c); see also Sw. Elec. Power Co., 73 S.W.3d at 215; Endsley, 926 S.W.2d at 285. 
Accordingly, we overrule Sterling's first two issues on appeal.

B. Forfeiture As a Second Punishment And The Eighth Amendment

 In his third issue, Sterling asserts that the forfeiture of his house constitutes an
impermissible second punishment and excessive fine. See U.S. Const. amend. VIII. 
However, we do not reach this issue because Sterling failed to file a response to the
State's summary judgment motion and because his third issue does not constitute a legal
sufficiency challenge. See Clear Creek Basin Auth., 589 S.W.2d at 678 ("[T]he non-movant needs no answer or response to the motion to contend on appeal that the grounds
expressly presented to the trial court by the movant's motion are insufficient as a matter
of law to support summary judgment. The non-movant, however, may not raise any other
issues as grounds for reversal. Under the new rule, the non-movant may not urge on
appeal as reason for reversal of the summary judgment any and every new ground that he
can think of, nor can he resurrect grounds that he abandoned at the hearing.") (emphasis
in original); see also Medlock, 24 S.W.3d at 870; Pierson, 959 S.W.2d at 348; Menchaca
v. Menchaca, 679 S.W.2d 176, 177-78 (Tex. App.-El Paso 1984, no writ). Accordingly,
we overrule Sterling's third issue. 

IV. Conclusion


 Having overruled all of Sterling's issues on appeal, we affirm the judgment of the
trial court.

 _______________________

 DORI CONTRERAS GARZA,

 Justice

 

Memorandum Opinion delivered and 

filed this the 25th day of June, 2009.

 
1. Sterling attached to his motion for new trial an affidavit executed by his brother, William, stating that
no response was filed to the State's supplemental motion for summary judgment because Sterling was
incarcerated and unrepresented "during the period that the supplemental motion . . . was filed and at the time
it was heard." However, at the hearing on Sterling's motion for new trial, William admitted that he and Sterling
were aware of the State's supplemental motion for summary judgment and that William was present at the
courthouse on the day the summary judgment hearing was to be heard, but neither chose to file a response
to the State's motion.

 

 On December 20, 2006, Sterling filed a pro se motion for leave, requesting that the trial court allow
him to file an untimely response to the State's supplemental motion for summary judgment. The record does
not demonstrate that the trial court ruled on Sterling's pro se motion for leave; however, because the trial court
granted the State's supplemental motion for summary judgment without the benefit of a response, the trial
court ostensibly denied Sterling's motion for leave. 
2. We construe Sterling's first two issues on appeal as legal sufficiency challenges to the trial court's
granting of the State's supplemental motion for summary judgment. See Medlock v. Comm'n for Lawyer
Discipline, 24 S.W.3d 865, 870 (Tex. App.-Texarkana 2000, no pet.) (holding that appellant may raise only
a legal sufficiency challenge when he fails to file a response to a motion for summary judgment). 

3. In his affidavit, Amador noted that the confidential informant had been found to be reliable and
credible and that previous information provided by the confidential information "was found to be true and
accurate each time."