

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00072-CV

LARRY RAY AND BEVERLY RAY, Appellants

V.

KENNETH DENNIS AND SHAWNDE DENNIS, Appellees

On Appeal from the 196th District Court
Hunt County, Texas
Trial Court No. 82150

Before Morriss, C.J., Burgess and Stevens, JJ.
Opinion by Justice Stevens

## O P I N I O N

Kenneth and Shawnde Dennis filed a declaratory judgment action against Larry and Beverly Ray, the owners of a neighboring lot, seeking (1) a declaration of the boundary line between the lots that was established by the subdivision's plat, (2) a declaration that a barbed-wire fence was encroaching on their property, (3) an injunction preventing the Rays from interfering with the fence's removal, and (4) attorney fees. In response, the Rays argued that they owned the property in dispute through adverse possession. The parties agreed to resolve the matter through summary judgment, and after due consideration, the trial court granted the Dennises' motion, ordered the existing barbed-wire fence removed, entered an injunction against the Rays, and awarded $2,484.91 in costs as well as $10,800.00 in attorney fees.[1]

On appeal, the Rays appear pro se. As best we can discern from the Rays' brief, they argue that the trial court erred in granting summary judgment because (1) there are fact issues regarding the location of the boundary line, and (2) the Rays established ownership of the property by adverse possession.

We affirm the trial court's order granting summary judgment because the Rays failed to respond to the Dennises' motion with proof sufficient to establish a genuine issue of material fact.

## I.      Factual and Procedural Background

In 1997, the Rays acquired Lot 7 in the Whispering Oaks Addition, Phase IV, a subdivision in Hunt County, Texas. In June 2015, the Dennises acquired Lot 8, a 5.004-acre parcel of land located in the same subdivision and adjacent to the Rays' property.

---

[1]The order also awarded $2,500.00 in attorney fees in the event the Rays pursued an unsuccessful appeal to the court of appeals and another $2,500.00 in the event of an unsuccessful appeal to the Texas Supreme Court.

In July 2015, a land dispute arose between the parties. The Dennises believed that a barbed-wire fence separating the adjacent lots encroached on their property. The Rays disagreed and refused to allow the Dennises to remove the fence. As a result, the Dennises filed a declaratory judgment action against the Rays, alleging that the barbed-wire fence that separated Lot 7 and Lot 8 was not located on the common boundary established by the subdivision's plat, but was instead located on Lot 8. The Dennises sought a declaration that the "Common Boundary Line between Lot 7 and Lot 8 is as established on the Plat of Whispering Oaks, Phase IV addition." The Dennises also requested an injunction preventing the Rays from interfering with the fence's removal and an award of attorney fees. The Rays filed a general denial and asserted the affirmative defense that the Dennises' claims to the property were barred by adverse possession.

The only two issues in contention at trial were the location of the boundary line between Lots 7 and 8 and, if the Rays' fence encroached on Lot 8, whether the Rays had established title to the disputed strip of land by adverse possession. To resolve the first issue, the trial court appointed Frank Owens, of Owens Land Surveying, to locate and survey the boundary between Lots 7 and 8.[2] Owens found, and the survey depicts, that the fence encroached on Lot 8 by 25.2 feet. Owens filed his findings and survey with the trial court.

Following the filing of the survey, the Dennises filed a motion for summary judgment, arguing that, based on the deeds and survey, there were no genuine issues of material fact and they were entitled to judgment as a matter of law. A few weeks after the motion was filed, the

_____

[2]The parties agreed to the appointment of a neutral surveyor.

3

Rays' counsel moved to withdraw from the case. The trial court granted the motion to withdraw, and the Rays did not hire new counsel.

After losing their counsel, the Rays filed no other pleadings or evidence in the case. On June 12, 2019, the trial court granted the Dennises' motion for summary judgment. The trial court found that (1) the Owens survey identified and located the boundary line between Lot 7 and Lot 8, (2) the fence encroached on Lot 8, and (3) the Rays "failed to satisfy with proof" their claim of adverse possession. For those reasons, the trial court declared the border established, ordered the fence removed, and enjoined the Rays from interfering with the Dennises' construction of a new fence on the boundary line established by the Owens survey.

## II. The Trial Court Did Not Err in Granting Summary Judgment

As best we can discern, the Rays contend that the trial court erred in granting the Dennises' motion because there are genuine issues of material fact about the location of the boundary line between the lots and the Rays established ownership to the property by adverse possession.[3]

### A. Standard of Review

The grant of a trial court's summary judgment is subject to de novo review by appellate courts. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). In making the required review, we deem as true all evidence which is favorable to the nonmovant,

---

[3]The Rays' two stated issues are:

A.) Is the property line of Larry Ray and Beverly Ray encroaching on the property line of Kenneth Dennis and Shawnde Dennis.

B.) Whether the people have probable cause to believe that the plaintiffs Kenneth and Shawnde are the owners of the property, the defendants Larry Ray and Beverly Ray, are claiming adverse possession of the property line that is in question, even maintaining that the original survey they received states it is in fact their property.

4

we indulge every reasonable inference to be drawn from the evidence, and we resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). "When the trial court does not specify the grounds for its ruling," we must affirm a summary judgment "if any of the grounds on which judgment was sought are meritorious." *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013).

### B.     Analysis

To be entitled to traditional summary judgment, a movant must establish that there is no genuine issue of material fact so that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). Once the movant produces evidence entitling it to summary judgment, the burden shifts to the nonmovant to present evidence raising a genuine issue of material fact. *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996). "A defendant who conclusively negates [a single] essential element[] of a cause of action or conclusively establishes an affirmative defense is entitled to summary judgment" on that claim. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010).

Here, the Dennises' motion asserted that there were no genuine issues of material fact and that they were entitled to judgment as a matter of law. In support of their motion, the Dennises attached (1) an affidavit of facts executed by the Dennises; (2) an affidavit as to the necessity and reasonableness of $10,800.00 in accrued attorney fees; (3) an excerpt from the deposition of Beverly Ray; (4) a letter, survey, and invoice for $1,710.00 from Owens Land Surveying; and (5) the warranty deeds for Lots 7 and 8 establishing the respective ownership of

5

the Dennises and Rays. The motion argued that the survey located the boundary line and established that the barbed-wire fence encroached on Lot 8 by 25.2 feet.

Because the Dennises submitted evidence entitling them to summary judgment on the issue of the location of the boundary line, the burden of proof shifted to the Rays to raise a genuine issue of material fact with respect to that issue or any affirmative defense they asserted. *See* TEX. R. CIV. P. 166a(c); *Walker*, 924 S.W.2d at 377. Here, the Rays asserted the defense of adverse possession in their answer, which "is an affirmative defense to [the Dennises'] claim of title." *See Rife v. Kerr*, 513 S.W.3d 601, 608 (Tex. App.—San Antonio 2016, pet. denied). Yet, "[t]o defeat summary judgment by raising an affirmative defense, the [Rays] must do more than just plead the affirmative defense." *Lunsford Consulting Grp., Inc. v. Crescent Real Estate Funding VIII, L.P.*, 77 S.W.3d 473, 475–76 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (citing *Am. Petrofina, Inc. v. Allen*, 887 S.W.2d 829, 830 (Tex.1994)). "[They] must come forward with summary judgment evidence sufficient to raise an issue of fact on each element of the defense to avoid summary judgment." *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984); *Anglo-Dutch Petroleum Int'l, Inc. v. Haskell*, 193 S.W.3d 87, 95 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). But the Rays failed to file a response, to object to the Dennises' summary judgment evidence, or to submit evidence to the trial court in support of their adverse possession defense.

Even so, the Rays' failure to respond does not automatically entitle the Dennises to summary judgment. *See Medlock v. Comm'n for Lawyer Discipline*, 24 S.W.3d 865, 870 (Tex. App.—Texarkana 2000, no pet.) (superseding opinion) (citing *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979)). A trial court may not grant summary judgment

by default when the theories or proof supporting the motion are legally insufficient. *Id.* Thus, having failed to respond, "the only ground for reversal [the Rays] may raise on appeal is the legal insufficiency of [the Dennises'] summary judgment motion or proof." *Id.* (citing *Pierson v. SMS Fin. II, L.L.C.*, 959 S.W.2d 343, 348 (Tex. App.—Texarkana 1998, no pet.)).

By failing to file any competent summary judgment evidence with the trial court, the Rays controverted none of the evidence supporting the Dennises' motion. As a result, we must take the Dennises' evidence identifying the boundary line and establishing that the barbed-wire fence encroaches on Lot 8 as absolutely true. *See Medlock*, 24 S.W.3d at 870; *Williams v. Brown & Root, Inc.*, 947 S.W.2d 673, 675 (Tex. App.—Texarkana 1997, no writ), *abrogated on other grounds by Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 442 (Tex. 2009). Because the Dennises' motion was legally sufficient with respect to the location of the boundary line, the Rays could not defeat it without controverting the motion's supporting evidence or raising a genuine issue of material fact as to their claim of adverse possession. *See* TEX. R. CIV. P. 166a; *Medlock*, 24 S.W.3d at 870.

On appeal, the Rays claim that even if the barbed-wire fence encroached on Lot 8, they still acquired the property by adverse possession because they erected the fence in 1997 and they have continuously and openly maintained the fenced property ever since then. In support of their claims, the Rays attached several documents to their brief, including an appraisal of Lot 7, a warranty deed conveying the property to them, photographs of the fence and property at issue, property tax records, and a 1997 survey of Lot 7 by Dennis Rust of Rust Land Surveying. Yet, on appellate review, this Court may only consider the evidence that was properly filed with the trial court before the motion's submission for decision. *See* TEX. R. CIV. P. 166a(c); *Medlock*, 24

7

S.W.3d at 871; *Wieler v. United Sav. Ass'n of Tex., FSB*, 887 S.W.2d 155, 157 (Tex. App.—Texarkana 1994, writ denied). Because the Rays filed no evidence of adverse possession at trial, we may not consider it for the first time on appeal. *See Wieler*, 887 S.W.2d at 157.

## III. Conclusion

In summary, the Rays presented no summary judgment evidence to the trial court in support of their claim for adverse possession, and they failed to controvert any of the summary judgment evidence supporting the Dennises' motion for summary judgment. As a result, we overrule the Rays' points of error and affirm the trial court's order granting summary judgment.


Scott E. Stevens
Justice

Date Submitted:     March 18, 2020
Date Decided:       April 7, 2020