**David STERLING, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 13–05–009–CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

Aug. 24, 2006.

Rehearing Overruled Sept. 21, 2006.

Eli E. Garza, Victoria, for appellant.

Dan W. Heard, Dist. Atty., Shannon E. Salyer, First Asst. Crim. Dist. Atty., Port Lavaca, for appellee.

Before Justices HINOJOSA, RODRIGUEZ, and GARZA.

## OPINION

Opinion by Justice GARZA.

This appeal arises from a civil forfeiture proceeding involving the seizure of David Sterling's home. The trial court granted the State's motion for summary judgment against Sterling, who now appeals by three issues.

In his third issue, Sterling contends that the trial court erred by granting the summary judgment because the State failed to prove its entitlement to judgment as a matter of law. The State's motion for summary judgment argued that the facts were without dispute and that the evidence showed as a matter of law that Sterling had committed felony possession of narcotics in his home. Having reviewed the record, we conclude that the State presented the trial court with a correct statement of the undisputed facts and we further conclude that appellant does not dispute the facts on appeal.[1] There being no dispute that Sterling committed felony possession of narcotics in his home, the question before this Court is whether such facts are sufficient to prove that Sterling's home is "contraband" within the meaning of the civil forfeiture statute and, if so, whether the State established its "probable cause" to seize the home.[2]

■ To begin, we note that there is no allegation here that Sterling's home was

---

1. We note that the summary-judgment record includes an affidavit from a police officer that details a drug transaction that occurred at Sterling's home. The officer's affidavit establishes the transaction with extensive out-of-court statements made by a confidential informant. These statements were objected to before summary judgment was granted in the State's favor, and the same objections were raised in Sterling's motion for new trial. These objections are now the basis for Sterling's second issue on appeal. Because the State's motion for summary judgment did not seek judgment as a matter of law based on appellant's use of the house for drug transactions, we cannot support the summary judgment on that basis. *See Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173 (Tex.1995); *Larson v. Family Violence & Sexual Assault Prevention Ctr.*, 64 S.W.3d 506, 515 n. 8 (Tex.App.-Corpus Christi 2001, pet. denied). Accordingly, we limit our review to the facts that support the sole basis for summary judgment advanced in the State's motion, which is that appellant committed felony possession of narcotics at his home.

2. *See Fifty–Six Thousand Seven Hundred Dollars in U.S. Currency v. State*, 730 S.W.2d 659, 661 (Tex.1987) ("In forfeiture proceedings, the burden is on the State to show probable cause for seizing a person's property."); *$9,050.00 in U.S. Currency v. State*, 874 S.W.2d 158, 161 (Tex.App.-Houston [14th Dist.] 1994, writ denied) ("A forfeiture proceeding is a civil proceeding in which the State must prove by a preponderance of the evidence that the property is subject to forfeiture.").

purchased or otherwise acquired from proceeds generated from the distribution or sale of illegal narcotics. The only basis argued for forfeiting the home is that Sterling was found in possession of drugs in his home and that he admitted to being a drug addict and using drugs continuously in his home.[3] Based on these facts, we cannot conclude that the State carried its burden of proving that Sterling's home is "contraband" within the meaning of the civil forfeiture statute.

The intent of the legislature in passing and amending the Controlled Substances Act was "to facilitate forfeitures of assets used by drug dealers."[4] Thus, whether property is "contraband" and therefore subject to forfeiture depends on whether the State has produced sufficient evidence to prove that the property was "used" or "intended to be used" in the commission of one of the enumerated felonies.[5]

In this case, the evidence of "use" is so meager that we cannot conceive of a possession case occurring in a domestic setting that would not involve the same "use" shown here. Under the State's interpretation of the law, any possession of drugs at home is "use" of the home under the statute and subjects the home to seizure and forfeiture as contraband. This rule of law would be inordinately and indiscriminately broad and would effectively abrogate the statute's clear requirement that property be "used" or "intended to be used" in the commission of one of the enumerated felonies. Other decisions in forfeiture cases involving homes have emphasized evidence that specifically related to use of the home.[6] Such evidence is conspicuously absent from the summary-judgment record in this case.

Appellant's third issue is sustained. Because appellant's first two issues would not entitle him to relief greater than what we have already granted in sustaining his third issue, we do not address them.[7] The case is remanded for further proceedings not inconsistent with this opinion.

---

3. The evidence offered by the State established that Sterling uses numerous drugs on a habitual basis, including alcohol, marijuana, cocaine, and heroin. When Sterling was arrested for the underlying offenses, a police officer noted that his body showed clear signs of intravenous drug use.

4. *One 1980 Pontiac v. State*, 707 S.W.2d 881, 882–83 (Tex.1986).

5. *See* Tex.Code Crim. Proc. Ann. art. 59.01 (Vernon Supp.2005); Tex.Code Crim. Proc. Ann. art. 59.02(a) (Vernon Supp.2005) ("Property that is contraband is subject to seizure and forfeiture under this chapter.").

6. *See State v. 1204 N. 12th St.*, 907 S.W.2d 644, 645 (Tex.App.-Corpus Christi 1995, no writ) (allowing forfeiture of house used or intended to be used in a "drug transaction" and detailing evidence of transaction); *Bochas v. State*, 951 S.W.2d 64, 70 (Tex.App.-Corpus Christi 1997, writ denied) (upholding forfeiture of home that was used as a "marijuana repackaging facility").

7. *See* Tex.R.App. P. 47.1.