

NUMBER 13-07-00326-CV

# COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

LOT 6, NW 17' OF 5, BLOCK 5,
PORT LAVACA ORIGINAL TOWNSITE,
(401 S. COMMERCE),                                                         Appellant,

v.

THE STATE OF TEXAS,                                                        Appellee.

---

On appeal from the 24th District Court of Calhoun County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion by Justice Garza

This appeal arises from a civil forfeiture proceeding involving the seizure of a house

owned by appellant, David Sterling. Sterling appeals the trial court's granting of the State's

supplemental motion for summary judgment and argues that: (1) the trial court erred in

granting the motion because there is insufficient evidence to support forfeiture; and (2) the

forfeiture of his house constitutes a second punishment in violation of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution. *See* U.S. CONST. amend. VIII. We affirm.

## I. BACKGROUND

The State filed a notice of seizure and intended forfeiture of Sterling's house located at 401 South Commerce Street in Port Lavaca, Texas. In its forfeiture notice, the State alleged that Sterling's house was contraband because Sterling had been indicted with several felony counts of unlawful delivery of a controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(b), (c) (Vernon 2003). Sterling answered with a general denial. The State then filed a traditional motion for summary judgment, asserting that the house was contraband because Sterling possessed controlled substances in the house that were intended for future distribution. The trial court granted the State's motion for summary judgment.

On appeal, we reversed the trial court's judgment and remanded for further proceedings. *Sterling v. State*, 200 S.W.3d 842, 844 (Tex. App.–Corpus Christi 2006, no pet.) ("*Sterling I*"). In *Sterling I*, we noted that:

> In this case, the evidence of "use" is so meager that we cannot conceive of a possession case occurring in a domestic setting that would not involve the same "use" shown here. Under the State's interpretation of the law, any possession of drugs at home is "use" of the home under the statute and subjects the home to seizure and forfeiture as contraband. This rule of law would be inordinately and indiscriminately broad and would effectively abrogate the statute's clear requirements that property be "used" or "intended to be used" in the commission of one of the enumerated felonies.

*Id.*

On remand, the State filed a supplemental motion for summary judgment, once

2

again contending that the house was contraband because Sterling possessed controlled substances in the house and intended to deliver them. Sterling did not file a response to the State's supplemental motion for summary judgment.[1] The trial court again granted State's motion for summary judgment, allowing the State to seize Sterling's house. Sterling filed a motion for new trial, arguing that this Court had already resolved this issue. After a hearing, the trial court denied Sterling's motion. This appeal followed.

## II. STANDARD OF REVIEW

### A. Traditional Motion for Summary Judgment

The propriety of a summary judgment is a question of law; therefore, an appellate court reviews de novo the trial court's granting of summary judgment. *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994). To be entitled to a traditional summary judgment, the movant needs to establish its entitlement to summary judgment on the issues expressly presented to the trial court by conclusively establishing all essential elements of its cause of action or defense as a matter of law. TEX. R. CIV. P. 166a(c); *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002); *Johnson County Sheriff's Posse, Inc. v. Endsley*, 926 S.W.2d 284, 285 (Tex. 1996).

---

[1] Sterling attached to his motion for new trial an affidavit executed by his brother, William, stating that no response was filed to the State's supplemental motion for summary judgment because Sterling was incarcerated and unrepresented "during the period that the supplemental motion . . . was filed and at the time it was heard." However, at the hearing on Sterling's motion for new trial, William admitted that he and Sterling were aware of the State's supplemental motion for summary judgment and that William was present at the courthouse on the day the summary judgment hearing was to be heard, but neither chose to file a response to the State's motion.

On December 20, 2006, Sterling filed a pro se motion for leave, requesting that the trial court allow him to file an untimely response to the State's supplemental motion for summary judgment. The record does not demonstrate that the trial court ruled on Sterling's pro se motion for leave; however, because the trial court granted the State's supplemental motion for summary judgment without the benefit of a response, the trial court ostensibly denied Sterling's motion for leave.

3

The non-movant is not required to file a response to defeat a motion for summary judgment if deficiencies in the movant's own proof or legal theories defeat its right to judgment as a matter of law. *Medlock v. Comm'n for Lawyer Discipline*, 24 S.W.3d 865, 870 (Tex. App.–Texarkana 2000, no pet.). However, if the respondent fails to file a response, the only ground for reversal he or she may raise on appeal is the legal insufficiency of the movant's summary judgment motion or proof. *Medlock*, 24 S.W.3d at 870; *Pierson v. SMS Fin. II, L.L.C.*, 959 S.W.2d 343, 348 (Tex. App.–Texarkana 1998, no pet.).

It is well settled that a trial court may not grant a summary judgment by default; that is, the court may not grant a summary judgment because the non-movant failed to respond to the motion when the movant's summary judgment proof is legally insufficient. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979); *Swedlund v. Banner*, 970 S.W.2d 107, 109-10 (Tex. App.–Corpus Christi 1998, pet. denied). The movant must still establish his or her entitlement to summary judgment by conclusively proving all essential elements of his or her cause of action or defense as a matter of law. *Clear Creek Basin Auth.*, 589 S.W.2d at 678.

**B. Legal Sufficiency**

In reviewing the legal sufficiency of evidence, we credit evidence supporting the judgment if reasonable jurors could, and disregard contrary evidence unless reasonable jurors could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *Villagomez v. Rockwood Specialties, Inc.*, 210 S.W.3d 720, 748 (Tex. App.–Corpus Christi 2006, pet. denied). We will sustain a legal sufficiency challenge only if: (1) there is a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence

4

from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of a vital fact. *City of Keller*, 168 S.W.3d at 810. More than a scintilla of evidence exists, and the evidence is legally sufficient, if the evidence furnishes some reasonable basis for differing conclusions by reasonable minds about a vital fact's existence. *Lee Lewis Constr. Co. v. Harrison*, 70 S.W.3d 778, 782-83 (Tex. 2001). However, "when the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence." *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004) (citing *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)).

### III. ANALYSIS

### A. Sterling's House As Contraband

By his first two issues, Sterling contends that there is insufficient evidence, or alternatively no evidence, establishing that he used his house or intended to use his house to effectuate the unlawful delivery of controlled substances.[2] Conversely, the State argues that Sterling's house is subject to forfeiture because the evidence, including Sterling's guilty pleas and judicial confessions, establishes that the house was contraband and, therefore, subject to forfeiture.

#### 1. Applicable Law

"Property that is contraband is subject to seizure and forfeiture . . . ." TEX. CODE

---

[2] We construe Sterling's first two issues on appeal as legal sufficiency challenges to the trial court's granting of the State's supplemental motion for summary judgment. *See Medlock v. Comm'n for Lawyer Discipline*, 24 S.W.3d 865, 870 (Tex. App.–Texarkana 2000, no pet.) (holding that appellant may raise only a legal sufficiency challenge when he fails to file a response to a motion for summary judgment).

CRIM. PROC. ANN. art. 59.02(a) (Vernon 2006). Forfeiture is an in rem civil proceeding. *State v. Silver Chevrolet Pickup*, 140 S.W.3d 691, 692 (Tex. 2004); *$191,452.00 v. State*, 827 S.W.2d 430, 433 (Tex. App.–Corpus Christi 1992, writ denied). In a forfeiture proceeding, the State must prove by a preponderance of the evidence that the property seized is contraband and, therefore, that the property is subject to forfeiture. *See* TEX. CODE CRIM. PROC. ANN. art. 59.02(a); *see also 1.70 Acres v. State*, 935 S.W.2d 480, 486 (Tex. App.–Beaumont 1996, no writ); *$162,950.00 in Currency of U.S. v. State*, 911 S.W.2d 528, 529 (Tex. App.–Eastland 1995, writ denied). "Contraband" is defined as property of any nature, including real, personal, tangible, or intangible property that is used or intended to be used in the commission of any felony under the Texas Controlled Substances Act. *See* TEX. CODE CRIM. PROC. ANN. art. 59.01(2)(B)(i) (Vernon Supp. 2008).

In a forfeiture proceeding, the State is required to show probable cause for seizing the property. *$56,700 in U.S. Currency v. State*, 730 S.W.2d 659, 661 (Tex. 1987); *$9,050.00 in U.S. Currency v. State*, 874 S.W.2d 158, 161 (Tex. App.–Houston [14th Dist.] 1994, writ denied). This means that the State must establish a substantial connection or nexus between the seized property and the defined criminal activity. *1.70 Acres*, 935 S.W.2d at 486 (citing *$56,700 in U.S. Currency*, 730 S.W.2d at 661; *$9,050 in U.S. Currency*, 874 S.W.2d at 161). Therefore, in proving its case by a preponderance of the evidence, the State must prove that it was more reasonably probable than not that the seized property was either intended for use in, or derived from, a violation of one of the offenses enumerated in the forfeiture statute. *Id.*; *Spurs v. State*, 850 S.W.2d 611, 614 (Tex. App.–Tyler 1993, writ denied) (noting that the State can rely on circumstantial evidence in satisfying its burden of proof in a forfeiture case).

We also note that we employ rules of strict construction against forfeiture when the forfeiture is to the sovereign and is created by statute. *1976 Harley Davidson Motorcycle v. State*, 106 S.W.3d 398, 402 (Tex. App.–Corpus Christi 2003, no pet.); *State v. Lot 10, Pine Haven Estates*, 900 S.W.2d 400, 402 (Tex. App.–Texarkana 1995, no writ).

**2. Discussion**

The State attached the following items to its supplemental motion for summary judgment: (1) an affidavit executed by an assistant district attorney; (2) two probable cause affidavits, one executed by Derek Walton, a peace officer with the Port Lavaca Police Department, and another executed by Johnny Amador, an investigator with the Calhoun County Sheriff's Office; (3) a search warrant executed by a justice of the peace; (4) two indictments against Sterling; and (5) two guilty pleas entered by Sterling for unlawful delivery of controlled substances. In particular, the probable cause affidavit executed by Walton stated that: (1) Sterling lived at 401 South Commerce Street in Port Lavaca, Texas; (2) powder cocaine was being sold at the house; and (3) Sterling and his brother had been previously arrested twenty-two times with eight of the arrests being for dangerous drugs. Based on this affidavit, the trial court authorized a search warrant of Sterling's house.

While searching Sterling's house, police found cocaine and heroin on the premises, which resulted in Sterling being indicted by a Calhoun County grand jury with one count of delivery of a controlled substance, cocaine, of more than one gram but less than four grams ("Count 1"), *see* TEX. HEALTH & SAFETY CODE ANN. § 481.112(c), and one count of delivery of a controlled substance, heroin, in the amount of less than one gram ("Count 2"). *See id.* § 481.112(b). The first indictment stated that the events transpired on or about

7

May 27, 2004.

On June 29, 2004, Amador filed a second probable cause affidavit detailing a subsequent drug transaction occurring at Sterling's house. In his affidavit, Amador noted the following:

> [The confidential informant] has been at David Sterling's residence within the past 72 hours and has witnessed the cocaine and heroin in this residence at 401 S. Commerce and witnessed David Bauer Sterling who did then and there knowingly posses[s] a controlled substance, to wit: Cocaine and Heroin.
>
> [The confidential informant] stated David Bauer Sterling is possessing and trafficking Cocaine and Heroin from this residence in Port Lavaca[,] Calhoun County, Texas.[3]

A second indictment was then issued for the offense of delivery of a controlled substance, heroin, of more than one gram but less than four grams occurring on June 29, 2004 ("Count 3"). *See id.* § 481.112(c).

Pursuant to two plea agreements with the State, Sterling pleaded guilty to Count 2 and Count 3, admitting that he had intended to deliver a controlled substance, namely heroin, on two separate occasions. The trial court accepted the terms of the plea agreements, and Sterling was subsequently sentenced. Because the State has provided evidence demonstrating that Sterling stored and sold controlled substances in his house, and because Sterling judicially confessed to engaging in such activities, we conclude that the State's evidence is legally sufficient to establish that Sterling used or intended to use his house to aid in the unlawful delivery of controlled substances, thus supporting a finding

---

[3] In his affidavit, Amador noted that the confidential informant had been found to be reliable and credible and that previous information provided by the confidential information "was found to be true and accurate each time."

8

that the house was contraband subject to forfeiture. *See* TEX. CODE CRIM. PROC. ANN. art. 59.02(a); *see also City of Keller*, 168 S.W.3d at 810; *Lot 39, Section C, N. Hills Subdivision v. State*, 85 S.W.3d 429, 432 (Tex. App.–Eastland 2002, pet. denied) (holding that homesteads are not exempt from the forfeiture statutes); *1.70 Acres*, 935 S.W.2d at 486; *Spurs*, 850 S.W.2d at 614; *Ex parte Camara*, 893 S.W.2d 553, 559 (Tex. App.–Corpus Christi 1994, writ denied) (affirming the trial court's characterization of a mobile home as contraband and, therefore, subjecting it to forfeiture). We further conclude that the State has established its entitlement to summary judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *see also Sw. Elec. Power Co.*, 73 S.W.3d at 215; *Endsley*, 926 S.W.2d at 285. Accordingly, we overrule Sterling's first two issues on appeal.

## B. Forfeiture As a Second Punishment And The Eighth Amendment

In his third issue, Sterling asserts that the forfeiture of his house constitutes an impermissible second punishment and excessive fine. *See* U.S. CONST. amend. VIII. However, we do not reach this issue because Sterling failed to file a response to the State's summary judgment motion and because his third issue does not constitute a legal sufficiency challenge. *See Clear Creek Basin Auth.*, 589 S.W.2d at 678 ("[T]he non-movant needs no answer or response to the motion to contend on appeal that the grounds expressly presented to the trial court by the movant's motion are insufficient *as a matter of law* to support summary judgment. The non-movant, however, may not raise any *other* issues as grounds for reversal. Under the new rule, the non-movant may not urge on appeal as reason for reversal of the summary judgment any and every *new* ground that he can think of, nor can he resurrect grounds that he abandoned at the hearing.") (emphasis in original); *see also Medlock*, 24 S.W.3d at 870; *Pierson*, 959 S.W.2d at 348; *Menchaca*

9

*v. Menchaca*, 679 S.W.2d 176, 177-78 (Tex. App.–El Paso 1984, no writ).  Accordingly, we overrule Sterling's third issue.

## IV. Conclusion

Having overruled all of Sterling's issues on appeal, we affirm the judgment of the trial court.

_____
DORI CONTRERAS GARZA,
Justice

Memorandum Opinion delivered and
filed this the 25th day of June, 2009.