**$9,050.00 IN U.S. CURRENCY and Carla Saenz, Appellants,**

v.

**STATE of Texas, Appellee.**

**No. C14–93–00513–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

March 10, 1994.

Rehearing Overruled April 7, 1994.

Robert Heath, Houston, for appellants.

Vic Wisner, Alan Curry, Houston, for appellee.

Before ROBERTSON, CANNON and DRAUGHN, JJ.

## OPINION

CANNON, Justice.

This is an appeal from a judgment of forfeiture. Claimant Carla Saenz complains that there was no evidence or insufficient evidence that $9050.00 seized by police was proceeds gained from the commission of a felony under the Texas Controlled Substances Act. We affirm.

On September 22, 1993, Officer Ashabranner was contacted by an officer with the Harris County Sheriff's Department and learned that Steve Solis had sold cocaine to a juvenile out of Graham's Liquor store. Solis had been arrested approximately two years before for the same conduct—selling cocaine out of the liquor store. Officer Ashabranner met with the juvenile and obtained her parents' permission to make a controlled buy at the liquor store. After the juvenile was thoroughly searched, she was given a marked twenty dollar bill with which to purchase the cocaine. Officer Ashabranner and the raid team accompanied the juvenile to the location. The juvenile entered the store, then exited a few moments later and went around the corner where Officer Ashabranner picked her up. She gave him a small bag of white powdery substance which field tested positive as cocaine. The cocaine weighed about one gram. A search warrant was prepared and signed by a judge.

When officers arrived at the store to execute the search warrant, Steve Solis was the only person in the store. A search revealed that there was 9.25 grams of cocaine and .2 ounces of marihuana located on a shelf under the cash register. They were packaged for sale. A semi-automatic pistol was also located under the register. There was $243.00 in cash and $591.95 in checks in the register itself.

The twenty dollar bill used in the controlled buy was located on a shelf behind the cash register. A number of steaks from a

local grocery store and a chain saw were also found in the store. Steve Solis told the officers that he got them in exchange for cocaine.

After talking with Steve Solis the officers went to a floor safe and found $9050.00. Steve Solis originally stated that the money was his, but later recanted and stated it belonged to the store and was used to pay vendors. Officer Ashabranner testified that the store seemed well stocked with liquor, and that Steve Solis paid two vendors who made deliveries with cash from the register. Finally, Officer Ashabranner stated that the money found in the floor safe was in various denominations and that this was consistent with funds received in illegal narcotics transactions.

Steve Solis was able to telephone Jose Castillo, a Columbian man, and had Mr. Castillo bring two ounces of cocaine to the store. Furthermore, during the course of the raid, a juvenile walked into the store and made an apparent attempt to purchase illegal narcotics. However, Mr. Solis told the juvenile that he did not have any narcotics, and no sale was made. Finally, as the raid team was finishing up their raid, another raid team, this one from the Montgomery County Sheriff's Department, arrived at the liquor store with the same goal, *e.g.*, to make a controlled buy of illegal narcotics.

Steve Solis, Beatrice Solis (appellant Saenz's mother), and Carla Saenz, all testified that the money was kept in the floor safe to pay vendors. They testified that they were on a "cash only" basis with vendors until they could establish sufficient credit to write checks. They further testified that there had been a billing mix-up with one of the alcohol vendors, and, that, pursuant to TEX.ADMIN.CODE § 45.121, their permit to purchase alcohol had been suspended until the bill was paid. The suspension lasted for two weeks, and appellant's witnesses said that the cash in the safe grew to more than was normally kept there. Appellant introduced a letter from the Texas Alcoholic Beverage Commission to support her statements, but attempts to introduce invoices prepared by the various vendors was unsuccessful in the face of the State's objections. Appellant

brought no bank statements or other records to trial.

Appellant's first and fourth points of error allege that the court erred in entering the jury's verdict because there was no evidence as a matter of law to support the jury's answers to special questions number one and two in the jury charge. Special Question One asked: "Was any portion of the $9050.00 in United States currency made the subject of this suit proceeds gained from the commission of a felony offense under Chapter 481, Health and Safety Code (Texas Controlled Substances Act)?" Special Question Two asked: "What portion of the amount referred to in number 1 constitutes proceeds gained from the commission of a felony under Chapter 481, Health and Safety Code (Texas Controlled Substances Act)?"

Money is subject to forfeiture if it is "proceeds" gained from the commission of a felony under the Texas Controlled Substances Act. TEX.CODE CRIM.PROC.ANN. art. 59.01(2)(C) (Vernon Supp.1994). This includes manufacturing, delivering, or selling a controlled substance. TEX. HEALTH & SAFETY CODE ANN. § 481.001 et seq. (Vernon 1992). A forfeiture proceeding is a civil proceeding in which the State must prove by a preponderance of the evidence that the property is subject to forfeiture. TEX.CODE CRIM.PROC. ANN. art. 59.05(b) (Vernon Supp.1993). In order to prevail, the State must show probable cause for seizing the money. TEX. CONST. art. I, § 9; *Fifty–Six Thousand Seven Hundred Dollars In United States Currency v. State*, 730 S.W.2d 659, 661 (Tex.1987). The State must prove that there is a substantial connection or nexus between the property and the illegal activity. *Fifty–Six Thousand Seven Hundred Dollars In United States Currency v. State*, 730 S.W.2d 659, 661 (Tex. 1987); *see also, A 1985 Cadillac Limousine v. State*, 835 S.W.2d 822 (Tex.App.—Houston [1st Dist.] 1992, writ denied) (interpreting art. 59.01 et. seq.). This means that the State must prove, considering all the evidence, that it was more reasonably probable than not that the seized money was either intended for use in, or derived from, a violation of the offenses enumerated in the forfeiture statute. *$22,922.00 v. State*, 853 S.W.2d

99, 101 (Tex.App.—Houston [14th Dist.] 1993, writ denied).

In determining the sufficiency of evidence under a "no evidence" point of error, this Court may only consider the evidence and inferences tending to support the trial court's judgment and disregard all evidence and inferences to the contrary. *State v. $11,014.00 in U.S. Currency*, 820 S.W.2d 783, 784 (Tex.1991). A "no evidence" point must be sustained when the record discloses a complete absence of vital fact, rules of law or evidence bar the court from considering the only evidence offered to prove a vital fact, there is no more than a mere scintilla of evidence offered to prove a vital fact, or the evidence offered established conclusively the opposite of the vital fact. *Cecil v. Smith*, 804 S.W.2d 509, 510 n. 10 (Tex.1991).

These are not the only rules which guide appellate courts in weighing the legal sufficiency of the evidence, however. For example, it is well established that an inference of fact cannot be based upon another inference of fact. *Schlumberger Well Surveying Corp. v. Nortex Oil & Gas Corp.*, 435 S.W.2d 854, 858 (Tex.1968) (may not establish vital fact by piling inference upon inference); *see also*, McDonald, 6 Texas Civil Practice § 44:15 (1992). Also, when the evidence gives rise to opposing inferences of fact, each of which is equally reasonable, and nothing shows that one fact is more probable than the other, neither fact can be inferred by the jury. The evidence fails to qualify as "some evidence" to support either inference of fact. *Fifty–Six Thousand Seven Hundred Dollars In United States Currency v. State*, 730 S.W.2d at 662; *Litton Indus. Prods., Inc. v. Gammage*, 668 S.W.2d 319, 324 (Tex.1984); *see also*, McDonald, 6 Texas Civil Practice § 44:15 (1992); W. Powers, Jr. & J. Ratliff, *Another Look at "No Evidence" and "Insufficient Evidence,"* 69 Tex.L.Rev. 515, 521 (1991); R.W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Tex.L.Rev. 361, 365 (1960).

The following evidence supports the jury's verdict: (1) the fact that the money was found in the store, (2) Steve Solis' statement that the money belonged to him, (3) the fact that the denomination of the bills was consistent with funds received in illegal drug transactions, (4) the fact that Steve Solis sold the drugs out of the store, and (5) Steve Solis' previous convictions for selling illegal narcotics at that very same store. Considering only the evidence that supports the jury's verdict, it can be inferred that the $9050.00 was proceeds for the sale and/or distribution of cocaine and marihuana.

Appellant argues that it can be equally inferred, however, that the money belonged to the store. The following supports that inference: (1) the testimony of three individuals that the cash belonged to the store, (2) testimony that it was used to purchase stock for the store because the vendors required all payments to be in cash, (3) testimony that the invoices for the purchases were kept in the file cabinet, and not in the safe, (4) testimony that the Texas Alcoholic Beverages Commission had recently suspended, and then reinstated appellant's permit to purchase liquor, (5) the Texas Alcoholic Beverages Commission's letter reinstating appellant's permit to purchase liquor, (6) testimony that during the course of that suspension the cash had accrued in the safe, and (7) testimony by the State's own witnesses that the marked twenty dollar bill used to make the controlled buy was *not* found in the safe, but on a shelf on the wall behind the cash register. Nevertheless, testimony also reveals two critical facts cutting against appellant's defensive theory. First, there was testimony that the liquor store was well stocked. This cast doubt on appellant's contention that the stock had been depleted during the previous weeks, due to the suspension of the permit, while the cash had accumulated. Second, there was also testimony that two vendors made deliveries to the store and were paid with money out of the cash register. This cast doubt upon appellant's assertion that vendors were paid with money from the safe. Consequently, the testimony was insufficient to rebut any presumption that the money was derived from illegal transactions under the Texas Controlled Substances Act.

This is consistent with the Texas Supreme Court's holding in *Fifty–Six Thousand Seven*

*Hundred Dollars In United States Currency v. State.* In that case, the money in question was found in a safe with cocaine and an array of drug paraphernalia. Nevertheless, based upon independent testimony by contractors and a courier that the money was destined for construction projects in Mexico where payment was required to be in cash, and that the courier had already taken several such payments to Mexico, the Texas Supreme Court found that the State had failed to establish a nexus or substantial connection between the money and the illegal drug activity. *Fifty–Six Thousand Seven Hundred Dollars In United States Currency v. State,* 730 S.W.2d at 662.

In the case at bar, appellant has failed to present sufficient circumstantial evidence to give rise to an inference which is equally consistent with the State's proposition that the money was proceeds gained from Steve Solis' sale of drugs while working at the store. The State established a substantial connection between the money and the sale of illegal drugs. Consequently, we must overrule appellant's first and fourth points of error.

■ Appellant's second, third, fifth, and sixth points of error all challenge the factual sufficiency of the evidence. When reviewing the factual sufficiency of the evidence, this Court must first consider, weigh, and examine all of the evidence which supports and which is contrary to the jury's determination. *Plas–Tex, Inc. v. United States Steel Corp.,* 772 S.W.2d 442, 445 (Tex. 1989). We will set aside the verdict only if it is so against the great weight and preponderance of the evidence that it is manifestly unjust and clearly wrong, or if the evidence standing alone is too weak to support the finding. *Cain v. Bain,* 709 S.W.2d 175 (Tex. 1986) (*per curiam*).

■ In support of her claim that the evidence is insufficient to support the verdict, appellant asserts the "innocent owner" defense. TEX.CODE CRIM.PROC.ANN. art. 59.-02(c) (Vernon Supp.1994). As part of this defense, appellant carries the burden of proving that she acquired a legal interest in the property prior to, or during, the act giving rise to forfeiture. She must further prove

that she did not know, or should not reasonably have known of the act that gave rise to the forfeiture, or that the act was likely to occur at the time, or before the time, that she acquired her interest in the property. *Id.*

■ We note first that appellant has failed to carry her burden of proving the money belonged to the store, and not Steve Solis. There was testimony by officer Ashabranner that Solis claimed the money was his. The officer said that Solis changed his story, saying the money belonged to the store, only after police threatened to seize it. At trial, Solis denied ever claiming the money was his. Appellant brought no bank records to prove how much money was in the store, nor did she present any documentation that she could only purchase liquor with cash. Furthermore, the evidence reflects that while police were present payments were made to two vendors from the cash register.

■ Appellant has also failed to demonstrate that she should not reasonably have known that Solis would again begin selling illegal narcotics out of the store if left unattended. The evidence clearly shows that Steve Solis previously sold illegal narcotics from that very store. The evidence also clearly shows that after his release from prison, Ms. Saenz permitted Steve Solis to return to the store and to operate it without supervision. This included leaving him in charge of an unlocked safe with $9050.00 in cash inside. Finally, the evidence clearly shows that Steve Solis went right back to selling illegal narcotics to minors from that very store.

After reviewing the evidence for and against the jury's verdict, we hold that the evidence is not so against the great weight and preponderance of the evidence that the verdict is manifestly unjust or clearly wrong. Also, the evidence standing alone is not too weak to support the finding. Therefore, we overrule appellant's remaining points of error. We affirm the judgment of the trial court.