TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00035-CV






Epifanio Hernandez-Gonzalez, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 9911423, HONORABLE F. SCOTT McCOWN, JUDGE PRESIDING







 Appellant Epifanio Hernandez-Gonzalez, an inmate, appeals pro se and in forma
pauperis from the district court's no-answer default judgment of forfeiture of $1,495.00. See Tex.
Code Crim. Proc. Ann. art. 59.06 (West Supp. 2001). Appellant's sole contention is that the State
"failed to present any facts tieing (sic) the $1,495.00 of U.S. currency to the proceeds of drugs." The
State has not responded to appellant's brief. We will affirm the judgment.

 A State forfeiture action is a civil cause of action that proceeds to trial in the same
manner as in other civil cases. Tex. Code Crim. Proc. Ann. art. 59.05(b) (West Supp. 2001);
$9,050.00 in U.S. Currency v. State, 874 S.W.2d 158, 161 (Tex. App.--Houston [14th Dist.] 1994,
writ denied). The State commences a forfeiture action by filing a notice of seizure and intended
forfeiture which is treated as a petition in a civil cause of action. Tex. Code Crim. Proc. Ann. art.
59.04(b) (West Supp. 2001). The State shall have notice served in the same manner as provided for
the service of process by citation in civil cases. Id. The parties must comply with the rules of
pleadings as required in civil actions. Id. art. 59.05(a). The State must prove by a preponderance
of the evidence that the property is subject to forfeiture. Id. art. 59.05(b). Money is subject to
forfeiture if it is "proceeds" gained from the commission of a felony listed in Chapter 481 of the
Health and Safety Code, the Texas Controlled Substances Act. Id. art. 59.01(2)(B)(i).

 On September 30, 1999, the district attorney of Travis County timely filed an original
notice of seizure and intended forfeiture. See id. art. 59.04(a) (State's attorney shall commence
forfeiture proceedings not later than thirtieth day after seizure.). Attached to the notice was a sworn
affidavit from Raul Munguia, a police officer with the Austin Police Department. See id. art.
59.04(b). Officer Munguia stated in the affidavit that on September 12, 1999, he and another
detective executed a search warrant for an apartment at 2510 Elmont Drive, #113A after a
confidential informant told detectives that several subjects were involved in large volume narcotics
trafficking and that this location was one of several used to conceal illegal narcotics. The apartment
had furniture leased to appellant and he received mail at the apartment. In executing the warrant,
the officers recovered 75 grams of Black Heroin and 903 grams of Methamphetamine. Three
individuals, including appellant, were in the apartment at the time the officers executed the search
warrant. The officers found $619.00 in appellant's wallet, four one-hundred dollar bills inside a
porcelain figurine, which appellant gave the officers permission to open, and the remaining $476.00
in a purse belonging to another individual present during the search. The officers arrested appellant. 
Officer Munguia stated that "[t]he arrest of [appellant] was executed along with the recovery of
illegal narcotics, tally sheets, a scale, and currency. Therefore, it is believed that the currency seized
are the proceeds of illegal narcotics activity or are being used to further an illegal drug enterprise." 

 Appellant failed to timely file an answer. The State, relying on the notice of seizure
and intended forfeiture and the attached sworn affidavit of Officer Munguia as evidence, moved for
a no-answer default judgment. On October 5, 2000, the district court signed a no-answer default
judgment of forfeiture. The district court determined that the citation had been on file for ten days,
appellant had failed to appear, the State had shown prima facie evidence that the money was used
in or was the proceeds gained from the commission of a felony listed in article 59.01, and the money
should be forfeited to the Austin Police Department through the district attorney of Travis County
as an agent for the State pursuant to Texas Code of Criminal Procedure article 59.06. Id. art. 59.06.

 On October 26, 2000, appellant filed a "motion to appeal the seizure and intended
forfeiture by the State of Texas" in the district court complaining the State failed to establish that the
property forfeited was used in the commission of a felony or was proceeds gained from the
commission of a felony listed in article 59.01 of the Texas Code of Criminal Procedure. Appellant
filed the same document as his appellant's brief.

 A petition will support a no-answer default judgment if the petition (1) attempts to
state a cause of action within the jurisdiction of the court; (2) gives fair notice to the defendant of
the claim asserted; and (3) does not affirmatively disclose the invalidity of its claim on its face. 
Paramount Pipe & Supply Co. v. Muhr, 749 S.W.2d 491, 494 (Tex. 1988). A defendant who
defaults admits all allegations of fact in the plaintiff's petition except any unliquidated damages. 
Jackson v. Biotectronics, Inc., 937 S.W.2d 38, 41 (Tex. App.--Houston [14th Dist.] 1996, no writ). 
To determine whether a petition is sufficient to support a default judgment, it is tested by the so-called general demurrer inquiry: even though the petition might be vulnerable to special exceptions,
does it give fair notice of the plaintiff's claim and the relief sought. Borrego v. Palacio, 445 S.W.2d
620, 621-22 (Tex. App.--El Paso 1969, no writ).

 Appellant failed to timely file an answer to the State's notice of seizure and intended
forfeiture. The State's notice gave appellant fair notice of the State's claims regarding forfeiture of
the $1,495.00 the officers recovered during the search and appellant's arrest on September 12, 1999.
The State's notice and the attached sworn affidavit of Officer Munguia fulfilled the statutory and
evidentiary requirements for a forfeiture action. Because there were no unliquidated damage issues
to resolve, the State was not required to present any additional proof to the district court. See Zuyus
v. No'Mis Communications, Inc., 930 S.W.2d 743, 747 (Tex. App.--Corpus Christi 1996, no writ). 
Appellant's issue is overruled and the judgment is affirmed.



 _____________________________________________

 Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed: August 9, 2001

Do Not Publish



ere involved in large volume narcotics
trafficking and that this location was one of several used to conceal illegal narcotics. The apartment
had furniture leased to appellant and he received mail at the apartment. In executing the warrant,
the officers recovered 75 grams of Black Heroin and 903 grams of Methamphetamine. Three
individuals, including appellant, were in the apartment at the time the officers executed the search
warrant. The officers found $619.00 in appellant'