**Affirmed and Opinion filed December 4, 2012.**



In The

# Fourteenth Court of Appeals

### NO. 14-11-00613-CV

## ZAHER A. EL-ALI, Appellant,

## V.

## THE STATE OF TEXAS, Appellee.

**On Appeal from the 269th District Court
Harris County
Trial Court Cause No. 2009-52869**

## OPINION

This case concerns seizure and forfeiture of a 2004 Chevrolet Silverado pickup truck. The trial court granted summary judgment in favor of the State. For the reasons explained below, we affirm.

I

On June 26, 2009, Officer Juan Perez of the Jacinto City Police Department arrested Roberto Faustino for three felony offenses: driving while intoxicated (third offense), evading arrest in a motor vehicle, and possessing cocaine. Faustino pleaded guilty to the DWI charge and was sentenced to six years in prison.

At the time of his arrest, Faustino was driving a 2004 Chevrolet Silverado pickup truck that he had purchased from the appellant, Zaher A. El-Ali, on August 6, 2004. Though Faustino had possessed the truck for almost five years, the certificate of title still bore El-Ali's name.

The State filed a notice of seizure and intended forfeiture of the truck, providing notice to both Faustino and El-Ali. Faustino neither filed an answer nor made an appearance claiming an interest in the truck. El-Ali answered, produced a title, and claimed ownership. He later amended his answer to assert an innocent-owner defense under article 59.02(c) of the Texas Code of Criminal Procedure. He also added a counterclaim in which he contended that both articles 59.02(c) and 59.06(c) (concerning the dispersal of forfeiture funds) violate the due-process guarantees of both the United States and Texas constitutions.

The State moved for summary judgment on these grounds: (1) the truck is contraband as defined by the forfeiture statute; (2) El-Ali does not qualify for the innocent-owner defense; and (3) the constitutional challenges fail as a matter of law. The trial court granted the motion as to the first and third grounds, but left El-Ali's innocent-owner defense intact. After that ruling, however, El-Ali amended his answer again, this time abandoning his innocent-owner defense. With that, the trial court signed a final judgment in favor of the State on June 17, 2011. El-Ali then filed this appeal.

II

El-Ali frames this appeal as a challenge to the civil-forfeiture system on two grounds. In his first issue, he maintains the innocent-owner defense violates due process under the Texas Constitution because it requires an innocent owner to "prove a negative." In his second issue, El-Ali argues the case should be remanded so he can pursue his claim that article 59.06(c) unconstitutionally creates profit incentives for police and prosecutors to pursue civil forfeitures. We will address each in turn.

A

A statute does not violate due process if it is related to a proper legislative purpose and is not arbitrary or discriminatory. *Trail Enters., Inc. v. City of Houston*, 957 S.W.2d 625, 634 (Tex. App.—Houston [14th Dist.] 1997, pet. denied). The party challenging the constitutionality of a statute must overcome the presumption that the statute is valid and that the legislature has not acted unreasonably or arbitrarily. *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002); *see also Walker v. Gutierrez*, 111 S.W.3d 56, 66 (Tex. 2003).

The civil-forfeiture system is an expression of the State's police power. *See State v. Richards*, 301 S.W.2d 597, 602–03 (Tex. 1957). In Texas,

> [f]or a statute to be a proper exercise of police power, it must (i) be appropriate and reasonably necessary to accomplish a purpose within the scope of the police power and (ii) be reasonable and not arbitrary or unjust in the manner it seeks to accomplish the goal of the statute *or so unduly harsh that it is out of proportion to the end sought to be accomplished*.

*Satterfield v. Crown Cork & Seal Co.*, 268 S.W.3d 190, 215 (Tex. App.—Austin 2008, no pet.) (emphasis added). El-Ali argues that because the requirements of the innocent-owner defense are "unduly harsh," article 59.02(c) deprives innocent owners of due process.

Under the civil-forfeiture statute, the State must prove by a preponderance of the evidence that the property seized is contraband and thus subject to forfeiture. Tex. Code Crim. Proc. art. 59.02(a) & 59.05(b); *see also $18,800 in U.S. Currency v. State*, 961 S.W.2d 257, 260 (Tex. App.—Houston [1st Dist.] 1997, no writ) ("In a forfeiture proceeding, the State must prove by a preponderance of the evidence the property seized is contraband and, therefore, the property is subject to forfeiture."). After the State has proved the seized property is contraband, a person claiming an ownership interest in the property may raise an innocent-owner defense to prevent forfeiture. Tex. Code Crim. Proc. art. 59.02(c). A person asserting this defense bears the burden of proving, by a

3

preponderance of the evidence, that he "did not know or should not reasonably have know of the [allegedly criminal] act or omission" that justified the seizure. *Id.*; *see also $9,050.00 in U.S. Currency v. State*, 874 S.W.2d 158, 163 (Tex. App.—Houston [14th Dist.] 1994, writ denied) (noting that the claimant making the innocent owner defense has the burden to prove it).

In his brief, El-Ali argues that the innocent-owner defense requires a property owner to "prove a negative," and that "[p]roving a negative can only be described as an unduly harsh burden for the property owner who stands accused of no wrongdoing." He notes that courts frown on requiring a party to prove a negative. *See, e.g.*, *United States v. Wilgus*, 638 F.3d 1274, 1288–89 (10th Cir. 2011) (noting that proving a negative is "inherently difficult"); *United States v. Ollie*, 442 F.3d 1135, 1143 (8th Cir. 2006) (stating that "the law generally frowns on requiring a party to prove a negative"); *20801, Inc. v. Parker*, 249 S.W.3d 392, 397 (Tex. 2008) (stating that proving a negative is "always difficult and frequently impossible") (internal citations omitted); *Johnson v. State*, 815 S.W.2d 707, 710 (Tex. Crim. App. 1991) (proving a negative places a party in a "ludicrous position").

Yet El-Ali acknowledges that requiring a party to prove a negative is not unknown in the law.[1] And he points to no case in which the requirement that a party prove a negative has been held to violate due-process guarantees.

---

[1] One prominent example in Texas law is in workers'-compensation cases. A claimant who alleges a carrier has breached the duty to handle claims in good faith and with fair dealing must establish (1) the absence of a reasonable basis for denying or delaying payment of policy benefits, and (2) that the carrier knew or should have known there was not a reasonable basis for the denial or delay. *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Dominguez*, 873 S.W.2d 373, 376 (Tex. 1994) (citing *Aranda v. Ins. Co. of N. Am.*, 748 S.W.2d 210, 213 (Tex. 1988)). "The claimant *has the burden of proving a negative proposition*, the absence of a reasonable basis for denying a claim, of which the carrier knew or should have known." *Id.* (emphasis added); *see also Cortez v. Liberty Mut. Fire Ins. Co.*, 885 S.W.2d 466, 469 (Tex. App.—El Paso 1994, writ denied) (stating that a bad-faith cause of action "requires the worker to prove a negative").

The State argues that the constitutionality of the civil-forfeiture statute is well-established. In the face of a due-process challenge under the Texas Constitution over fifty years ago, the Supreme Court of Texas upheld statutory civil forfeiture, even before the legislature added the innocent-owner defense. *See Richards*, 301 S.W.2d at 601–02. More recently, the United States Supreme Court overruled a due-process challenge to Michigan's forfeiture statute which lacks an innocent-owner defense. *Bennis v. Michigan*, 516 U.S. 442, 446 (1996).

Interestingly, El-Ali argues that the addition of the innocent-owner defense to the statute since *State v. Richards* was decided reopens the question of constitutionality. We disagree. The innocent-owner defense does not make property owners more susceptible to forfeiture. To the contrary, the defense adds a layer of due-process protection to a statutory procedure already held to be constitutionally sound. And even if the Supreme Court of Texas would not decide this case today the same way it decided *Richards* in 1957, that is a decision for that court and not this one.

Moreover, we note that El-Ali complains that the innocent-owner defense is "unduly harsh" even while he refuses to use it to his advantage. An affidavit attesting that El-Ali knew nothing of Faustino's illegal activities likely would have raised a genuine issue of material fact preventing summary judgment. But El-Ali purposefully abandoned that defense in favor of pursuing his appellate remedies. Because El-Ali has not credibly distinguished *State v. Richards*, or otherwise demonstrated that the civil-forfeiture statute violates the Texas Constitution's due-process guarantees, we overrule his first issue.

B

In his second issue, El-Ali argues that by allowing local law-enforcement officials to keep a substantial amount of the proceeds obtained from seizing contraband for their own official use, article 59.06(c) unconstitutionally incentivizes police and prosecutors to

overzealously pursue civil forfeitures. *See* Tex. Code Crim. Proc. art. 59.06(c) (providing that forfeited money and other property of value, or the proceeds from the sale of such property, may be deposited into special funds to be used for certain official and law-enforcement purposes). El-Ali also notes that courts elsewhere have explored this very issue,[2] and argues that the trial court in this case should have followed suit rather than disposing of the case on summary judgment.

In his brief, El-Ali makes clear that he "does not challenge [article] 59.06(c) on its face nor does he ask this [c]ourt to strike down this statutory provision as unconstitutional." Rather, he asks us to reverse the trial court's summary judgment, recognize "that due process imposes *some* limits on the ability of law[-]enforcement officials to profit from their prosecutions," and remand the case to the trial court "for additional factual development."

It is with the relief that El-Ali seeks that the State first takes issue. Citing *Tenneco Inc. v. Enterprise Products Co.*, the State argues that when a party contends he has not had an adequate opportunity to conduct discovery before a summary-judgment hearing, he must file either an affidavit explaining the need for further discovery or a verified motion for continuance. *See* 925 S.W.2d 640, 647 (Tex. 1996). El-Ali did neither, and asks not for a ruling on the merits, but only to have his case remanded so that he may obtain more discovery. Accordingly, the State maintains, this court should affirm the summary judgment.

In response, El-Ali argues that he does not seek to conduct new discovery on remand, but asks that the State be ordered to answer the discovery requests that were outstanding when the trial court granted summary judgment. For support, he relies on

---

[2] Specifically, El-Ali cites cases from New Jersey and California: *State ex rel. Cnty. of Cumberland v. One 1990 Ford Thunderbird*, 852 A.2d 1114, 1124 (N.J. Super. Ct. App. Div. 2004), and *O'Connell v. City of Stockton*, 27 Cal. Rptr. 3d 696, 705 (Cal. Ct. App. 2005), *review granted on other grounds and opinion superseded*, 119 P.3d 956 (Cal. 2005). In each case, the court examined data to determine whether, under *Marshall v. Jerrico, Inc.*, 446 U.S. 238 (1980), its state's civil-forfeiture system violated due-process limitations. In neither case did the court find a constitutional violation.

*Ford Motor Co. v. Castillo*, 279 S.W.3d 656 (Tex. 2009). In *Castillo*, a dispute over a settlement agreement, the trial court had prohibited Ford from conducting any discovery concerning the breach-of-contract claim at issue in the case. *Id*. at 659–61. On appeal from a summary judgment against Ford, the court of appeals held that Ford had waived its complaint about needing discovery by failing to file either an affidavit explaining the need or a verified motion for continuance. *Id.* at 662.

The Supreme Court of Texas reversed the court of appeals, distinguishing *Tenneco* along the way. *Id.* at 662–63. Because the trial court had made it clear that Ford would not be allowed to obtain the discovery it sought, referring in its summary-judgment response to its inability to conduct the discovery was sufficient to preserve Ford's complaint, even without an affidavit or verified motion. *Id*. at 663.

*Castillo* is distinguishable from this case. Here, El-Ali was not wholly prohibited from conducting discovery. In his reply brief, he complains only that he had requested "more recent data" on the operation of the civil-forfeiture system and that the discovery had not been answered "because the State filed a motion for a protective order." El-Ali also notes in his reply brief that the "motion for protection was never resolved before the [c]ourt ruled in favor of the State on its summary[-]judgment motion."

But El-Ali fails to explain in his reply brief that he had agreed—through a Rule 11 agreement filed on December 3, 2010—to extend the protective-order issue until after the trial court ruled on the summary judgment. El-Ali cannot voluntarily forego obtaining discovery and then complain that he needed that discovery to defeat summary judgment. In addition, in *Castillo* Ford complained in the text of its summary-judgment response that the trial court had wholly denied it the opportunity to conduct discovery; here, El-Ali cannot lodge that complaint. Not only did El-Ali fail to explain in an affidavit or verified motion for continuance what discovery he needed and why, he did not even so note in his response to the State's summary-judgment motion. Instead, El-Ali merely urged the trial court to deny the motion "and permit discovery to move forward."

El-Ali had two choices in this situation. If he believed he needed more discovery to properly mount his constitutional challenge, he could have proven that need through an affidavit or a verified motion for continuance, and so attempted to keep his case moving. Or he could have stood on the summary-judgment evidence he had proferred, and the legal arguments he had made, and sought a ruling from this court on the merits of the constitutional question. Instead, El-Ali requests a remand of this cause for "further factual development" without appropriately proving and explaining what development is left to be done. That is not a valid option. *See Tenneco*, 925 S.W.2d at 647.

The desire to avoid summary judgment, obtain more discovery, and put his case to trial is the hope of every summary-judgment respondent. But to see that hope realized requires more than El-Ali did in this case. We overrule his second issue.

* * *

Having overruled El-Ali's issues, we affirm the trial court's judgment.

/s/ Jeffrey V. Brown
   Justice

Panel consists of Chief Justice Hedges and Justices Seymore and Brown.

8