COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS


|  |  |  |
|---|---|---|
| 2005 ACURA TSX, | § | No. 08-14-00109-CV |
| | § | |
| Appellant, | § | Appeal from the |
| | § | |
| V. | § | 372nd District Court |
| | § | |
| THE STATE OF TEXAS, | § | of Tarrant County, Texas |
| | § | |
| Appellee. | § | (TC# S-12122) |
| | § | |

**O P I N I O N**

Durwin Overall appeals the trial court's judgment forfeiting a 2005 Acura TSX to the State of Texas. For the reasons that follow, we affirm.

**FACTUAL SUMMARY**

The State's notice of seizure and intended forfeiture alleged that the 2005 Acura TSX was seized on May 27, 2013 and it is contraband subject to forfeiture because it was used in the commission of a felony, namely, an aggravated robbery. The State named Appellant, the registered owner of the Acura, and Chad Overall, the driver, as respondents in the forfeiture action. Chad did not file an answer, and the trial court entered an interlocutory default judgment forfeiting his interests in the Acura.

Appellant did not plead the innocent owner defense but the parties tried the issue by consent. Appellant testified at trial that he has two sons, Chad Overall and Kevin Overall.

Appellant purchased the Acura for Chad's use. Chad was the primary driver of the Acura, and he was also responsible for its upkeep and maintenance.

Chad had a prior conviction for felony DWI, and he had been living with Appellant for approximately a year since his release from prison. Appellant was aware that Chad had previously abused both alcohol and drugs, and he had prior convictions for DWI and possession of controlled substances. Appellant admitted that another vehicle owned by him and driven by Chad had been forfeited in 2005. Appellant also knew that Chad had been staying out overnight with the vehicle, but he believed this was normal for a twenty-six-year-old man. He claimed to be unaware of any drug or alcohol use by either of his sons at the time the aggravated robbery was committed. He testified that he "[knew] what kids look like when they're on drugs" and Chad did not appear to be using drugs during the time he was living with Appellant. Appellant described Chad, who had been working as a personal trainer, as being a "pumped up nut" because he drank protein shakes, ate only chicken, and had "muscles everywhere."

The parties stipulated at trial to the following facts:

- on May 26, 2013, police officers were called out to an injury accident within the City of Dalworthington Gardens;

- the Acura was the vehicle involved in that accident;

- Appellant is the registered owner of that vehicle;

- Chad Overall was the driver of the Acura;

- the vehicle was seized under Chapter 59 from Appellant's home because it was used in the commission of a felony offense;

- Dalworthington Gardens police officers interviewed Chad;

- Chad told Deputy Chief Vennum and Officer Singleton that he and Kevin were going to steal a catalytic converter from a Dodge pickup; Chad was driving and Kevin was going to remove the catalytic converter; a man pulled up while Kevin was under the pickup; Chad yelled for Kevin to get in the car; Kevin got in and Chad attempted to drive off but he drove into a dead end; when he turned around, the man was standing in front of the car; Chad sped toward the man, expecting him to move, but Chad hit him; Chad looked back and saw the man on the ground bleeding but he did not stop or call for help; when Kevin asked Chad what had happened, Chad replied, 'I had to run over him. I'm not getting caught.'

Deputy Chief Vennum testified at trial that he had previous encounters with Chad related to his drug and alcohol offenses. He interviewed Chad on May 26, 2013 in connection with the aggravated robbery offense which led to forfeiture of the vehicle. Chad appeared to have been using drugs because he had visible track marks up and down both arms and bruising around the track marks. Vennum described the track marks and bruising as "very, very noticeable" and said it would have been noticeable to anyone. Chad told Vennum that he had been using heroin since he got out of prison and he was trying to get money that day to buy more heroin because he needed it to feel okay. Vennum had been in contact with Appellant over the years due to the criminal behavior of his sons, and in his opinion, Appellant knew Chad was using drugs. Vennum based his opinion on Appellant's knowledge of Chad's history of drug use and the noticeable track marks and bruising on his arms. Vennum admitted he did not know for a fact that Appellant recognized the significance of the track marks and bruising.

The trial court found that the State produced evidence sufficient to show the Acura is contraband, and therefore, is subject to forfeiture under the provisions of Chapter 59, and the court ordered the forfeiture of the vehicle. The trial court did not enter written findings of fact and conclusions of law.

**INNOCENT OWNER**

In his sole issue, Appellant contends that the trial court erred by ordering the forfeiture of the Acura because he established by a preponderance of the evidence that he is an innocent owner. Appellant's brief does not challenge the sufficiency of the evidence supporting the trial court's implied finding that the Acura is contraband. It is undisputed that the Acura was used in the commission of a felony under Chapter 29 of the Texas Penal Code, namely, aggravated robbery. *See* TEX.CODE CRIM.PROC.ANN. art. 59.01(2)(A)(ii)(West Supp. 2015). He instead argues that the trial court erred by forfeiting the Acura because the evidence showed Appellant was an innocent owner. We have construed this argument as challenging the legal sufficiency of the evidence supporting the trial court's implied adverse finding that Appellant did not prove his innocent owner defense by a preponderance of the evidence.[1] This issue is more properly stated as a contention that Appellant proved his affirmative defense as "a matter of law." *See In re Estate of Livingston*, 999 S.W.2d 874, 879 (Tex.App.--El Paso 1999, no pet.).

*Applicable Law*

Property that is contraband is subject to seizure and forfeiture under chapter 59 of the Texas Code of Criminal Procedure. TEX.CODE CRIM.PROC.ANN. art. 59.02(a)(West Supp. 2015). Contraband is defined as property used or intended to be used in the commission of certain felonies, or proceeds derived from those felonies. TEX.CODE CRIM.PROC.ANN. art.

---

[1] Appellant's issue states that the trial court erred in forfeiting Appellant's property to the State because the evidence showed Appellant was an innocent owner. The brief does not set forth the standard of review for this issue. At the conclusion of the argument section of the brief, Appellant asserts that the evidence is legally and factually insufficient to support a finding that he knew or reasonably should have known of the aggravated robbery committed by his son. In the prayer, however, Appellant asks the Court to reverse the forfeiture judgment and render judgment in his favor which is a remedy available only for legal insufficiency. We conclude that Appellant is attempting to challenge only the legal sufficiency of the evidence related to his innocent owner defense.

59.01(2)(A)-(D); *see State v. Silver Chevrolet Pickup*, 140 S.W.3d 691, 692 (Tex. 2004). This includes property used in the commission of any felony under Chapter 29 of the Texas Penal Code. TEX.CODE CRIM.PROC.ANN. art. 59.01(2)(A)(ii). Aggravated robbery is a felony offense under Chapter 29. *See* TEX.PENAL CODE ANN. § 29.03 (West 2011).

The State must prove by a preponderance of the evidence that the property is subject to forfeiture. TEX.CODE CRIM.PROC.ANN. art. 59.05(b)(West 2006). If the court finds that all or any part of the property is subject to forfeiture, the judge is required to forfeit the property to the state. TEX.CODE CRIM.PROC.ANN. art. 59.05(e). An affirmative defense to forfeiture is available, however, to innocent owners. *See* TEX.CODE CRIM.PROC.ANN. art. 59.02(c). Article 59.02(c)(1) provides that an owner's interest in property may not be forfeited if the owner proves by a preponderance of the evidence that the owner acquired and perfected the interest before or during the act or omission giving rise to forfeiture, and the owner did not know or should not reasonably have known of the act or omission giving rise to the forfeiture or that it was likely to occur at or before the time of acquiring and perfecting the interest. TEX.CODE CRIM.PROC.ANN. art. 59.02(c)(1); *see also $9,050.00 in U.S. Currency v. State*, 874 S.W.2d 158, 163 (Tex.App.--Houston [14th Dist.] 1994, writ denied). After the State has met its burden by proving the property is contraband, the burden shifts to the party claiming the innocent-owner defense to prove the defense by a preponderance of the evidence. *See $43,774.00 U.S. Currency v. State*, 266 S.W.3d 178, 182 (Tex.App.--Texarkana 2008, pet. denied).

## Standard of Review

The trial court did not make findings of fact and conclusions of law because it was not

requested to do so. Consequently, all findings of fact and conclusions of law are implied in support of the judgment. *See Rosemond v. Al-Lahiq,* 331 S.W.3d 764, 766-67 (Tex. 2011); *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). When the appellant challenges the legal or factual sufficiency of the evidence supporting the implied findings, the applicable standard of review is the same as that applied in the review of jury findings or a trial court's findings of fact. *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex. 1989); *$18,800 in U.S. Currency v. State*, 961 S.W.2d 257, 261 (Tex.App.--Houston [1st Dist.] 1997, no writ).

Appellant is challenging the legal sufficiency of the evidence on an issue on which he had the burden of proof. In such a case, the appellant must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue. *Dow Chemical Company v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001); *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989). The appellant must overcome two hurdles. *Victoria Bank & Trust Co. v. Brady*, 811 S.W.2d 931, 940 (Tex. 1991). The reviewing court first examines the record for evidence that supports the adverse finding, while ignoring all evidence to the contrary. *Dow Chemical*, 46 S.W.3d at 241. If there is no evidence to support the finding, the reviewing court will then examine the entire record to determine if the contrary proposition is established as a matter of law. *Id.* To prevail on appeal, Appellant must demonstrate that the evidence conclusively established all vital facts in support of the innocent owner affirmative defense.

*Analysis*

To prevail on his affirmative defense, Appellant was required to prove that he: (1) acquired and perfected his interest before or during the act giving rise to the forfeiture; and (2)

did not know or should not reasonably have known of the act giving rise to the forfeiture. *$18,800 in U.S. Currency*, 961 S.W.2d at 260. It is undisputed that Appellant acquired his interest in the Acura prior to Chad's commission of the aggravated robbery. Consequently, we find that Appellant established the first part of the innocent owner defense.

Under the second part of the test, Appellant was required to prove that he did not know or should not have reasonably known of the act giving rise to the forfeiture, Chad's commission of aggravated robbery. A person commits aggravated robbery if he commits robbery as defined in Section 29.02, and he: (1) causes serious bodily injury to another; (2) uses or exhibits a deadly weapon; or (3) causes bodily injury to another person or threatens or places another person in fear of imminent bodily injury or death, if the other person is 65 years of age or older or disabled. TEX.PENAL CODE ANN. § 29.03 (West 2011). A person commits robbery if, in the course of committing theft as defined in Chapter 31 and with intent to obtain or maintain control of the property, he (1) intentionally, knowingly, or recklessly causes bodily injury to another; or (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. TEX.PENAL CODE ANN. § 29.02.

Appellant was aware of Chad's criminal history, including a conviction for felony driving while intoxicated, and his problems with alcohol and drug abuse. A different vehicle owned by Appellant and operated by Chad was forfeited in 2005. Appellant also knew that people with drug problems steal to finance their habit and Chad had stolen in the past to get money to buy drugs. Chad admitted to the police that he committed the aggravated robbery to obtain money so he could purchase heroin. Appellant claimed he had no knowledge that Chad was using drugs

again, but he was familiar with the appearance and behavior of people who are on drugs, and Deputy Chief Vennum testified that Chad had extremely noticeable track marks and bruising on both of his arms. The trial court could have disbelieved Appellant's testimony that he did not know Chad was using drugs again.

Given Appellant's knowledge of Chad's drug use, his past commission of theft to obtain money to buy drugs, and his past commission of offenses involving operation of a vehicle, we conclude there is some evidence in the record supporting the trial court's implied finding that Appellant should reasonably have known of the act giving rise to the forfeiture, namely, the aggravated robbery. Because Appellant has not cleared the first hurdle of his "as a matter of law" challenge, it is unnecessary to analyze the evidence to determine whether Appellant conclusively established the innocent owner defense. Having found that the trial court did not err by impliedly finding that Appellant was not an innocent owner under Article 59.02(c), we overrule the sole issue presented on appeal and affirm the judgment of the trial court.

April 29, 2016

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.