

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00258-CV

**THIRTY-EIGHT THOUSAND FOUR HUNDRED DOLLARS ($38,400.00) UNITED STATES CURRENCY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2016-CI-00346
Honorable Antonia Arteaga, Judge Presiding

Opinion by: Luz Elena D. Chapa, Justice

Sitting: Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice
Irene Rios, Justice

Delivered and Filed: June 26, 2019

REVERSED AND REMANDED

Wesley Jacob Sosa appeals a summary judgment the trial court rendered in favor of the State in a civil forfeiture case. As the movant, the State was required to do more than raise a fact issue supporting its case; the State had the burden to conclusively establish all facts demonstrating its entitlement to judgment as a matter of law. Because the State failed to satisfy this burden, we reverse and remand for further proceedings.

**BACKGROUND**

The underlying suit is a civil forfeiture proceeding. The State filed suit, alleging $38,400 in cash, seized by law enforcement officers from Sosa, was contraband subject to forfeiture. The State alleged Sosa had gained the proceeds from the commission of a felony, specifically the "delivery, manufacturing, and/or possession of methamphetamine and marijuana, a controlled substance" (formatting omitted).

After Sosa filed an answer, the State filed a motion for summary judgment and argued, "There is no genuine issue as to any material fact regarding each and every element of the Plaintiff's cause of action, and Plaintiff is entitled to a judgment as a matter of law." Sosa did not file a response. The evidence the State attached to its motion included a police report describing the events leading up to the seizure of the money, as well as Sosa's discovery responses and a judgment of conviction for possession of methamphetamine, which was entered upon Sosa's plea of guilt and which suspended the imposition of his sentence.

According to the police report, Sosa and two women were at a motel, where the police had responded to a disturbance. An officer conducted a protective sweep of Sosa's hotel room and "located approximately 6.1 grams of alleged methamphetamine in two baggies and a large amount of money in [Sosa's] jacket pocket, another large amount of money was found in a black computer bag[,] a total of $38,400 was found, 2 baggies of alleged marijuana to total approximately 5.5 grams [were] found in the computer bag and on the bath room counter top."

According to his discovery responses, which the State attached to its summary judgment motion, Sosa found the money on the roadside. He explained in a response to an interrogatory:

> On December 8, 2015, as I was walking on the side of 181 South, toward my friend Billy's old trailer, by Foster Rd., I came upon a black computer bag, which contained canned food, radio controlled car stuff, and a blue Wal-Mart bag that contained about $44,000. This occurred about 3:30 a.m.

Sosa denied that the cash was drug money and that he ever sold drugs. The State also attached a letter from Sosa explaining the methamphetamine belonged to one of the women he was with at the motel, and the money he found was "all brand new money, one hundred dollar bank notes in $5,000 bank bands."

The trial court set the case for a bench trial on March 29, 2018. On that date, the trial court signed an order granting the State's motion for summary judgment and rendered summary judgment in favor of the State. Sosa timely filed a notice of appeal.

### STANDARD OF REVIEW & APPLICABLE LAW

Civil forfeiture proceedings are civil in nature, and the rules of civil procedure apply. *See* TEX. CODE CRIM. PROC. art. 59.5(a), (b); *$9,050.00 in U.S. Currency v. State*, 874 S.W.2d 158, 161 (Tex. App.—Houston [14th Dist.] 1994, writ denied). The State filed a motion for summary judgment, arguing it was entitled to judgment as a matter of law because its evidence established there is "no genuine issue as to any material fact regarding each and every element of [its] cause of action." As such, the State's motion was a traditional motion for summary judgment under Texas Rule of Civil Procedure 166a. *See* TEX. R. CIV. P. 166a(a), (c) (permitting summary judgment when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law").

We review the grant of a traditional motion for summary judgment de novo. *See One (1) 1992 Chevrolet PK v. State*, No. 04-14-00260-CV, 2015 WL 3398387, at *2 (Tex. App.—San Antonio May 27, 2015, pet. denied) (mem. op.). We view the summary judgment in a light most favorable to the nonmovant, take all evidence favorable to the nonmovant as true, and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.* Summary judgment is proper only if the movant conclusively establishes all facts necessary to entitle the movant to judgment as a matter of law. *Id.* at *2, 3. In reviewing a summary judgment, we therefore

may not draw inferences against the nonmovant because drawing such inferences is the responsibility of the factfinder, not the court, in making determinations as to the merits of a suit as a matter of law. *See id.*

As the summary judgment movant, the State had the burden of conclusively establishing the $38,400 was, in fact, contraband. *See* TEX. CODE CRIM. PROC. art. 59.02(a) (authorizing seizure and forfeiture of "contraband"). "Contraband" includes "property of nature" that is "used or intended to be used in the commission of" any "felony under Chapter 481, Health and Safety Code (Texas Controlled Substances Act)," and "proceeds gained from the commission of [such] a felony." *Id.* art. 59.01(2)(B)(i), (C). The State alleged the $38,400 was used or intended to be used in the commission of a felony of possession or distribution under the Texas Controlled Substances Act, and was proceeds from the commission of such a felony.

## ANALYSIS

Because Sosa did not file a response to the summary judgment motion, Sosa's sole issue is that the State's evidence does not conclusively establish the $38,400 was contraband. On this record, we agree. Initially, the State produced no direct evidence showing Sosa had acquired the $38,400 in cash from selling drugs. Instead, the State's evidence shows the money was found in Sosa's jacket, Sosa possessed methamphetamine and marijuana, and Sosa was convicted of possession of those drugs. The State argues this circumstantial evidence permitted a reasonable inference that Sosa obtained the seized money from selling drugs, and argues this evidence is sufficient to affirm. The State cites several cases in which a court of appeals reviewed a final judgment after an evidentiary hearing on the merits.

But the trial court granted summary judgment, and did not render final judgment after a trial on the merits of this case. In a summary judgment case, we may not draw inferences against the nonmovant. *See One (1) 1992 Chevrolet PK*, 2015 WL 3398387, at *2. Although a factfinder

could infer Sosa obtained the money from selling drugs, the State's evidence—the only direct evidence the State presented as to whether the money was contraband—provides a different explanation: Sosa found the money in a computer bag on the side of the road.[1] Because this evidence is favorable to Sosa, our standard of review for a summary judgment requires that we accept this evidence as true. *See id.* at *2. If it is true Sosa found the money in a computer bag on the side of the road, then the State would be unable to prove Sosa obtained the money from selling drugs.

In other words, if the evidence favorable to Sosa is true, the State would be unable to prove the money is "contraband" as the State alleged. The State's evidence therefore does not conclusively establish the essential fact the money was obtained from selling drugs. It is the role of a factfinder at an evidentiary hearing, and not a court in a summary judgment proceeding, to make credibility determinations and resolve conflicting evidence. *See id.* Because the summary judgment evidence failed to establish there is "no genuine issue as to any material fact regarding each and every element of the its cause of action," the trial court erred by rendering summary judgment. TEX. R. CIV. P. 166a(c); *accord One (1) 1992 Chevrolet PK*, 2015 WL 3398387, at *2.

## CONCLUSION

We reverse the trial court's summary judgment and remand for further proceedings.

Luz Elena D. Chapa, Justice

---

[1] Its sole ground for summary judgment was that Sosa obtained or used the money by selling methamphetamine or marijuana. The State did not argue the money was illegally obtained in any other way. We may not affirm the trial court's granting of a summary-judgment motion based on a ground the movant did not expressly present in the motion. *See Henkel v. Norman*, 441 S.W.3d 249, 251 n.1 (Tex. 2014).